OCT. TERM
1835.

Bobb
v.
T. & J. Graham.

</div>

————◆❋◆————

- John Bobb v. Thomas & John K. Graham.

1. Declaration in debt on a Kentucky record, plea nul tiel Record.
2. The writ in the Kenty. Record, was made returnable on no day whatever, and judgt. was there entered by default.
3. Per. cur., The judgt. in Ky. is irregular and void, for want of notice. The writ must be returnable to some day certain, and want of certainty in the writ or notice, as to the return day, is, as if there was no writ or notice.

ON error to the St. Louis circuit court.

Opinion of the court delivered by Wash J.

This was an action of debt, instituted in the circuit court, against John Bobb & Jabez Vigus, on a Kentucky judgment, the writ was served on Bobb only, who appeared, and pleaded to the action, and had a verdict and judgment rendered against him, to reverse which judgment, he has come with his writ of error to this court. Bobb pleaded in the circuit court a variety of pleas, to some of which demurrers were filed and sustained, and on the others, issues were taken and found against him. The first issue joined between the parties, was on the plea of nul tiel record of the Kentucky judgment sued on; various errors have been assigned, and a great number of points raised by the counsel for the plaintiff in error, growing out of the other pleadings in the cause. From the view which this court has taken of the law, as applicable to the case, arising out of this first issue, it becomes unnecessary to look into the other pleadings, and we shall not attempt to settle or examine the law, on any of the other issues in the cause. On the trial of the cause in the circuit court, the case was submitted to the court, sitting as a jury, to

<div style="float:right">
Declaration in debt on a Kentucky record, plea nul tiel record.
</div>

The writ in the Kentucky record, was made returnable on no day whatever, & judgt. was there entered by default.

find the facts: and the court found that there was such a record &c. A motion was made for a new trial, on the ground, (amongst other reasons,) that the court sitting as a jury, had mistaken the evidence, and found upon the first issue improperly for the plaintiffs; the motion for a new trial was overruled, and it is now assigned for error, that the court erred in finding this issue for the plaintiffs, and in refusing to grant a new trial. For the plaintiff in error, it is insisted, that the Kentucky judgment is null and void, for that it appears from the record; First, that the writ which was sued out in that case, was made returnable to no day whatever. Second, that there was no legal service, nor return of the writ, so as to show that the plaintiff in error had any opportunity to make defence, nor any appearance in the cause. The writ runs in these words, "The commonwealth of Kentucky, to the Sheriff of Fay- "ette county, greeting; you are hereby commanded to "take John Bobb and Jabez Vigus, trading under the style "and firm of Bobb & Vigus, if they be found within your "bailiwick, and them safely keep, so that you have their "bodies before the judges of our Fayette circuit court, at "the court house in Lexington, on the 1st day of our March "term, to answer &c." The writ was issued on the 24th of December 1816, the declaration was filed on the 17th of November 1817, and the judgment by default, was taken on the 25th of November 1817, the writ is endorsed, "executed on Vigus, 27th December, 1816, and on Bobb, 1st March 1817, I. E. Davis, D. S. for Rob. Frier. S. F.

Per. cur., the judgt. in Ky. is irregular and void for want of notice. The writ must be returnable to some day certain, and want of certainty in the writ or notice, as to the return day, is as if there were no writ or notice.

C." It is essential to the validity of process, that it be made returnable to some day certain, there is nothing on the record to show that there was any March term 1817. The declaration, it is true, which appears to have been filed on the 17th of Nov. 1817, commences thus, "commonwealth of Kentucky, March term 1817." If the writ were intended to be returned to the March term, 1817, and was so returned, the declaration should have been then filed, or some step taken in the cause. Upon what principle could the defendants in the Kentucky court, have been required to answer in November, to a process returned in March, and of which, no notice seems to have been taken, or entry made on the record, that would not have subjected them in like manner to answer in one, two or ten years thereafter? If, by the laws of Kentucky, a term of the Fayette circuit court, was to be holden in the month of March of every year, still, "our March term" might have been intended to designate the March term next after the date of the writ, or the March term 1818, or·

OCT. TERM
1835.

the March term of some other year. It is not stated, nor can it be ascertained from the record, with certainty, to any common intent, to what March term the writ was intended to be made returnable. This want of certainty, is fatal to the validity of the writ, and as if no time or term whatever, had been named, and for that reason, the writ was void, and the judgment by default against the plaintiff in error, was consequently irregular and void. Various authorities have been cited to show, that where a term or more intervenes, between the test and return, the writ is void. 2 J. R. 190, 4 J. R. 309; 3 Wils. 341:— These authorities are not in point, but serve to strengthen the ground, upon which we are inclined to place the law of the present case. For want of certainty in the notice, we regard it, as if there were an entire lack of notice; and in such case, it has been held, that the judgment would be irregular and void, and should be altogether disregarded. 4, Peter's R. 466, 471. And this principle has been recognized in the case of Chamberlain vs. Smith's administrators, and in Overstreet vs. Shannon, decided by this court. The view we have taken of this question, makes it unnecessary, at present, to consider the objections taken to the service and return of the writ. The judgment of the circuit court, in overruling the motion for a new trial, was therefore, erroneous, and must be reversed with costs, and the cause is remanded to that court, to be proceeded in conformably to this opinion.