F. MEYER TO THE USE OF E. STEINEMEYER, Respondent, v. C. MEHRHOFF, Appellant.

### St. Louis Court of Appeals, December 8, 1885.

1. STATUTE OF LIMITATIONS—ACTIONS UPON JUDGMENTS.—Actions upon judgments of courts of record are not barred until the expiration of twenty years after the date of the rendition of such judgments.

2. —— SALES—EVIDENCE.—It may be shown by the facts and circumstances of the sale that the vendor of a chattel did not intend to assert ownership therein, but to transfer only the qualified interest which he might have therein.

3. —— COSTS.—The plaintiff in an action upon a judgment, who

seeks to recover the costs incurred in obtaining such judgment, must show that he or his assignor has paid the same.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed nisi.*

MUENCH & CLINE, for the appellant : The plaintiff is clearly estopped from enforcing this judgment. He sold the stable in question to defendant, with the implied warranty that he had a right to sell it, and, upon the faith of such warranty, was paid for the same. Permitting him now to recover, would give him a second satisfaction for the same property, by way of conversion, and would clearly work a fraud upon the defendant. Bigelow, Estop. (3 Ed.) 381 ; *Sherman v. Champl. Transf. Co.*, 31 Vt. 162, 175 ; Benj. Sales, § 780 ; *Chouteau v. Goddin*, 39 Mo. 229 ; *Heirs v. Elliott*, 32 Mo. 172 ; *Rice v. Bunce*, *Garnhart v. Finney*, 40 Mo. 449 ; *Taylor's case*, 49 Mo. 231. The style of the cause leaves it uncertain whether this is an attempted revival of judgment, or an action upon a judgment. In either event, it is barred under the terms of the statute. Rev. Stat., §§ 2732, 3228-9. There was no proof of what the costs were, or as to whether the costs had been paid. Rev. Stat., §§ 1010, 1016, 1019.

F. GOTTSCHALK, for the respondent : There is no estoppel in the case, because the appellant did not act upon the representations. Bigelow, Estop., 484 ; *Bales v. Perry*, 51 Mo. 453 ; *Spurlock v. Sproule*, 72 Mo. 508, 510 ; *Acton v. Dooley*, 74 Mo. 67. Estoppel does not affect a subsequently acquired title. *Donaldson v. Hibner*, 55 Mo. 492 ; *Barker v. Circle*, 60 Mo. 258. The limitation of twenty years applies to actions on judgments. *Walsh v. Bosse*, 16 Mo. App. 231. The costs were taxed. *Beedle v. Mead*, 81 Mo. 304 ; *McKnight v. Spain*, 13 Mo. 534 ; *Bobb v. Graham*, 15 Mo. App. 289.

Rombauer, J., delivered the opinion of the court.

This being a suit instituted before a justice of the peace on the twenty-eighth day of February, 1885, upon a judgment of the circuit court of St. Louis county, rendered April 22, 1872, the defendant, appellant, upon the trial *de novo* in the circuit court, interposed the objection of the statute of limitations of ten years. The objection was overruled, and this ruling is the first error assigned.

The ruling of the trial court on that subject was proper. Suits upon judgments of courts of record are not barred by the statute before the expiration of twenty years after their rendition. Rev. Stat., sect. 3251.

There was testimony tending to show that the original judgment was obtained by the plaintiff's assignor, for the conversion of a chattel, which chattel the present plaintiff had, prior to the recovery of the judgment, sold to the defendant without title.

It was claimed by the defendant, upon the trial, and an instruction was asked by him, to the effect that if the judgment sued on was for the conversion of said chattel by the defendant, and the plaintiff had sold the same prior thereto to. the defendant, without legal right or title so to sell the same, then the plaintiff was estopped from enforcing this judgment against the defendant.

This instruction was refused, and in lieu thereof the following was substituted by the court against the defendant's objection:

"2. The court declares the law to be, that, even though it appear by the evidence that prior to the rendition of the original judgment of *Meyer v. Mehrhoff*, to-wit: on or about the —— day of August, 1869, the present plaintiff sold the stable in question to the defendant, Mehrhoff, receiving consideration therefor from the defendant, and even though it further appear that said Steinkemeyer then had no right to sell the same, and knew that he had not such right, yet, if it also appear from the evidence that the defendant, Mehrhoff, at the

time of said purchase, was also cognizant of the want of right or title on the part of said Steinkemeyer to so sell said stable, then the plaintiff is not estopped from recovering herein."

Conceding that under the facts disclosed by this record an equitable estoppel by matter *in pais* would arise in favor of the defendant, if he had been misled to his prejudice by the plaintiff's acts, still we can not see how he can claim such estoppel when this last element is wanting. The implied warranty in the sale of chattels, where the vendor is in possession, rests on the ground that possession of the vendor is equivalent to an affirmation of title. *McCoy v. Archer*, 3 Barb. 323. But it always may be shown by the facts and circumstances of the sale that the vendor did not intend to assert ownership, but only to transfer such interest as he might have in the chattel sold. Benj. Sales, sect. 961, note 20, etc. That such was the understanding in this case is apparent from the facts shown in evidence, by which it appears that the stable in question was held by the vendee himself under a lease, which gave him the right of its enjoyment during the term, but not the right of its removal from the premises. The plaintiff had first acquired the defendant's title, and then re-conveyed the title to the defendant, and all parties knew that it was only a qualified title as far as this stable was concerned.

There was no error on the part of the trial court in refusing the defendant's instruction, or in giving the instruction of its own motion.

The finding of the trial court was in favor of the plaintiff for $238.10. The defendant complains of this finding as excessive. The original judgment, rendered April 22, 1872, was for $100 damages and $59.95 costs. The last judgment rendered by the trial court was computed by giving to the plaintiff the amount of the original judgment with interest, and adding thereto the $59.95 costs. This was error.

The plaintiff's petition avers that these costs are still

unpaid, nor is there any evidence in the case, that either the plaintiff or his assignor, ever paid the same, or any part thereof. It is true that costs form a part of a judgment, but the process on a judgment for costs, as Commissioner Martin justly says in *Beedle v. Mead* (81 Mo. 309), "is necessarily for the benefit of the person in whose favor they are taxed. If the plaintiff has advanced them he is entitled to receive them; if he has not advanced them he has no right to receive them."

On what theory can the plaintiff in this case obtain a judgment against the defendant for an amount which is supported by no consideration, namely: for the costs which he has never paid, and for which, at this date, there is no liability on his part. There is nothing in the case of *Bobb v. Graham* (4 Mo. 222), or *McKnight v. Spain* (13 Mo. 534), which is opposed to this view.

As this is severable here, and no error appears which would affect other parts of the judgment, we will affirm the judgment of the trial court, provided the plaintiff does remit in this court the sum of $59.95, part and parcel of said judgment, within ten days next after filing of this opinion. If he fails thus to remit, the judgment of the trial court will be reversed and the cause remanded. All the judges concur.