CRANOR v. SCHOOL DISTRICT No. 2 OF TOWNSHIP No. 62 OF RANGE No. 32 IN GENTRY COUNTY, Appellant.

Division Two, June 26, 1899.

1. **Statute of Limitations:** AMENDMENT: TIME SHORTENED. The legislature may shorten the time within which an action is barred by the statute of limitations, provided a reasonable length of time is given for the commencement of suits.

2. ———: ———: ———: ACTS OF 1895: UNCONSTITUTIONAL. But as the Act of 1895 provides for no time within which actions on judgments theretofore rendered might be begun, it did not cut short the twenty year period within which suits thereon might be brought, according to the statute in force when the first judgment was rendered. For if that act was applied to such judgments, it would deprive the judgment creditor of a vested right, and would therefore be unconstitutional and void.

3. **Statutory Construction:** PROSPECTIVE OPERATION. A statute will always be deemed prospective when vested rights may be affected by it if otherwise construed, unless the legislature has so explicitly expressed its intention to make it retrospective that there is no place for a reasonable doubt on the subject.

4. **Judgment for Costs.** Plaintiff, in a suit upon a former judgment, is entitled to judgment for whatever costs were awarded him in the original action, although he has never paid such costs. (Overruling Meyer to use v. Mehrhoff, 19 Mo. App. 682.)

5. ———: "HIS" COSTS. Where the statute says that "the party prevailing shall recover *his* costs," it means the costs incident to the suit, and the judgment therefor is as much his as the judgment for any sum that may be awarded in his favor on the merits of the case.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

McCULLOUGH & PEERY for appellant.

(1)   The cause of action was barred by the provisions of the act of April 9th, 1895. The law in force at the time the suit is commenced must govern, and not that in existence when the right of action accrued. Billion v. Walsh, 46 Mo. 492; Gilker v. Brown, 47 Mo. 105. It is competent for the legislature to change or shorten the time within which suits may be brought. 13 Am. and Eng. Ency. Law, pp. 695 to 703.   (2)   The act, then, changes the rule of evidence, and declares a new rule which shall be applicable to all actions thereafter brought. If the act is, as we have suggested, a legislative declaration of a rule of evidence, then it is to be applied in any case arising after it went into force, and it is competent for the legislature to thus change the rules of evidence. Eyerman v. Blakesley, 78 Mo. 145; Coe v. Ritter, 86 Mo. 277; O'Bryan v. Allen, 108 Mo. 227; Messimer v. McCray, 113 Mo. 390.   (3)   The judgment is clearly erroneous, because by it plaintiff recovers $300 for costs in the original action, which he has never paid, and which have never been assigned to him. Meyer v. Mehrhoff, 19 Mo. App. 682; Beedle v. Mead, 81 Mo. 309. The costs should not be paid to the prevailing party when he himself has not previously paid them; and such payment will not relieve the party against whom they are taxed, from the claims of the parties to whom the costs are due. 5 Ency. Plead. & Prac., p. 256; McConkey v. Chapman, 58 Ia. 281; Ellsbre v. Ellsbre, 28 Pa. St. 172. The costs taxed in a case belong to the

persons to whom they are payable, when collected; and a fee bill may issue for unpaid costs due to officers of the court and witnesses, notwithstanding an acknowledgment of satisfaction of the judgment by the party in whose favor it was rendered. State ex rel. v. Ashbrook, 40 Mo. App. 64; State ex rel. v. Emmerson, 74 Mo. 610; Johnson v. Latta, 84 Mo. 143; Hoover v. Railroad, 115 Mo. 86; Brinkerhoff v. Elliott, 43 Mo. App. 191. (4) It is clear from these authorities that the verdict and judgment in favor of the plaintiff for a gross sum of $631.20, including the sum of $300 estimated as costs in the original action, can not be sustained. He had not paid them, neither was there any liability upon his part for them, fourteen years after the services were rendered.

SALLEE & GOODMAN and PATTON & SHOEMAKER for respondent.

(1) The act of 1895 is prospective in its operation and has no application to judgments rendered before its passage, for, to avoid injustice and unconstitutionality, it is always laid down as a rule of construction that a statute is to be taken or construed as prospective, unless its language is inconsistent with that interpretation. 1 Kent's Com. (11 Ed.), pp. 492 and 493; Sutherland Stat. Con., sec. 206; Thompson v. Smith, 8 Mo. 723; State ex rel. v. Thompson, 41 Mo. 25; State ex rel. v. Hays, 52 Mo. 578; State ex rel. v. Ferguson, 62 Mo. 77; State v. Grant, 79 Mo. 113; State ex rel. v. Walker, 80. Mo. 610; U. S. v. Heth, 3 Cranch. 413; Harvey v. Tyler, 2 Wall. 347. (2) A statute which attempts to bar summarily an existing right of action is within the constitutional inhibition that no State shall pass a law impairing the obligation of contracts. Corley's Const. Lim. (2 Ed.), p. 366; Murray v. Gibson, 15 How. 421; Webster v. Cooper, 14 How. 488. (3) It is within the constitutional power of the legislature to require, as to existing causes of action, that suits for their enforcement shall be barred unless brought within a less period

than that prescribed when the contract was made or the liability incurred from which the cause of action arose. The exertion of this power is, however, subject to the fundamental condition that a reasonable time, taking all the circumstances into consideration, be given by the new law before the bar takes effect. Koshkonong v. Burton, 14 Otto, 668; Lewis v. Lewis, 7 How. 776; McGahey v. Virginia, 135 U. S. 662; Rose v. Duval, 13 Pet. 62. (4) Under our statutes a judgment is rendered in favor of the successful party, against the other party, for costs. R. S. 1889. secs. 2920, 2925, and 2946; Hoover v. Railroad, 115 Mo. 77; State v. Oliver, 116 Mo. 188; Beadle v. Mead, 81 Mo. 297; Freeman on Executions, sec. 21; 5 Ency. Plead. and Prac., p. 122; Newkirk v. Chapron, 17 Ill. 353; Wickliff v. Robinson, 18 Ill. 146; McClanahan v. Smith, 76 Mo. 428. (5) If, then, the costs are a part of the judgment, and the judgment belongs to the plaintiff, and he alone can have execution issued upon it, and control the writ, can he not, so long as his right of action remains, sue upon the judgment for both debt and costs? If he can not, we have the anomaly of the law furnishing a remedy for the collection of a part of a judgment and denying it as to a part. This judgment being an entirety, and the sole property of the plaintiff, if he had sued for the debt, omitting the costs, neither he nor any other person could afterward maintain an action for the costs. Camp v. Morgan, 21 Ill. 255; Ross v. Weber, 26 Ill. 221; Clayes v. White, 83 Ill. 540.

BURGESS, J.—This cause, appealed to the Kansas City Court of Appeals, has been transferred to the Supreme Court because of a seeming conflict of the opinion rendered in the case by the court of appeals, with Meyer to use v. Mehrhoff, 19 Mo. App. 682.

On the 20th day of March, 1882, the plaintiff recovered in the circuit court of Gentry county a judgment against the

defendant for the sum of $180 debt, and $400 cost. No part of this judgment seems to have been paid, and on the 13th day of January, 1896, this suit was instituted by plaintiff against defendant in the same court upon that judgment.

The answer admits that defendant is a body politic and corporate. It then denies all other allegations in the petition, and pleads the ten year statute of limitations and payment in bar of the action.

There was judgment for plaintiff for debt and interest, $331.20, and $300 for cost, being the total of $631.20. Defendant appeals.

When the original judgment was rendered the statutory period in which all actions upon judgments of courts of record were barred was twenty years. [Sec. 3251, R. S. 1879; sec. 6796, R. S. 1889.] But before this suit was begun that section of the statute was repealed and another enacted in lieu thereof by which it is provided that: "Every judgment, order and decree of any court of record of the United States, of this or any other state or territory, shall be presumed to be paid and satisfied after the expiration of ten years from the day of the rendition of such judgment, or order, or decree, or in case a payment has been made thereon, and duly entered upon the record thereof, after the expiration of ten years, from the day of the last payment so made; and after the expiration of ten years from the day of the rendition, or from the day of the last payment, no execution, order or process shall issue thereon, and neither shall any suit be brought thereon to collect the amount of the same as a debt." [Laws of 1895, p. 221.]

The first question with which we are confronted is whether or not the action was barred by this statute at the time of the commencement of this suit.

At any time before the statute of limitations has become a bar to an action, the legislature may shorten or cut down the length of time required by the statute to become a bar

thereto, provided a reasonable length of time is given the party in whose favor the cause of action exists in which to bring his suit. [Callaway Co. v. Nolley, 31 Mo. 393; Vance v. Vance, 108 U. S. 514; In re Ackerman, 33 Minn. 54; Koshkonong v. Burton, 104 U. S. 668; Ryhiner v. Frank, 105 Ill. 326.]

But in the act of 1895 no time is given after its passage in which suits upon judgments of courts of record theretofore rendered may be brought, and if it applies to such judgments it is as to them unconstitutional and void in that it cuts short the plaintiffs right to sue, thereby depriving him of a vested right.

In the case of Stephens v. St. Louis Nat. Bank, 43 Mo. loc. cit. 388, it is said: "Limitation acts are based on the idea that the party has had an opportunity to try his rights in the courts. A statute which should bar the existing rights of claimants, without affording that opportunity, after the time when the statute should take effect, would not be a statute of limitations, but an unlawful attempt to extinguish rights and destroy the force of contracts. It is essential, therefore, to their validity, that they allow a reasonable time after they are passed for the commencement of suits upon existing causes of action." Citing Price v. Hopkin, 13 Mich. 318; Call v. Hagger, 8 Mass. 423; Society v. Wheeler, 2 Gall. 141; Blackford v. Peltier, 1 Blackf. 36; Thornton v. Turner, 11 Minn. 339; Berry v. Ransdall, 4 Met. (Ky.) 292.

"Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy, or directly on the contract itself. In either case it is prohibited by the Constitution." [Smith's Commentaries on Const. and Stat. Constr., sec. 254.]

The same author also says: "Although ordinary statutes of limitation to actions are not within this clause, yet if

such a statute should be passed which did not allow a reasonable time after the passing thereof, for the commencement of suits on existing causes of action, such an act would be unconstitutional." (Ib., sec. 265.) It was so held in Sturges v. Crowninshield, 4 Wheat. 207, and Jackson v. Lampshire, 3 Pet. 290.

We are not however inclined to hold that this statute has any reference to causes of action which existed at the time it took effect, and which are mentioned therein for these reasons. If so, it is retrospective in its operation, and a law will always be deemed prospective when vested rights may be affected thereby if otherwise construed, "unless the legislature has so explicitly expressed its intention to make the act retrospective that there is no place for a reasonable doubt on the subject." [Black's Const. Law, par. 198, p. 544; Bartlett v. Ball, 142 Mo. 28; Leete v. Bank, 115 Mo. 184, and cases cited; s. c., 141 Mo. 574; Shields v. Johnson Co., 144 Mo. 76.]

There is nothing in the act which would seem to indicate that it is retrospective, and if there was as to plaintiff's right of action, it would be unconstitutional. It can therefore only be upheld upon the ground that it is prospective, rather than retrospective. [State ex rel. v. Railroad, 79 Mo. 420.]

As there was no time given in the act in which actions then accrued might be brought after it took effect, as to all such actions it was and is unconstitutional.

It follows that plaintiff's cause of action would not become barred until the expiration of twenty years after the date of the rendition of the original judgment. [Neilson v. County of Chariton, 60 Mo. 386.]

It is also claimed that the judgment is erroneous, because by it plaintiff recovers $300 for costs in the original action, which he has never paid, and which has never been assigned to him. Meyer to use v. Mehrhoff, 19 Mo. App. 682, is the chief authority relied upon by defendant in support

of this position. That was a suit instituted before a justice of the peace upon a judgment of the circuit court of St. Louis county, rendered April 22, 1872. The original judgment was for $100 damages, and $59.95 costs. The case was appealed to the circuit court, where upon a trial *de novo* plaintiff recovered judgment for the original amount of the judgment with interest, to which was added the $59.95 costs. The complaint alleged that the costs were unpaid. There was no evidence that the costs or any part thereof had ever been paid by plaintiff or any one else. The court observed: "On what theory can the plaintiff in this case obtain a judgment against the defendant for an amount which is supported by no consideration, namely, for the costs which he has never paid, and for which, at this date, there is no liability on his part?"

In McConkey v. Chapman, 58 Ia. 281, it is held that the payment in full of the judgment and costs by the judgment debtor to the judgment creditor, will not release him from all liability to have a fee bill issued against him for the costs. That the successful party has no right to costs not advanced by himself, and payment to him would not absolve the unsuccessful party from payment to the persons entitled thereto.

So in Ellsbre v. Ellsbre, 28 Pa. St. 172, it is held that the plaintiff in a judgment has no right to receive from the defendant, the costs and fees of the officers; and that his receipt for the same is no discharge to the defendant, but that an execution might be issued on the judgment against the defendant for such costs, although the plaintiff may have receipted to him in full therefor.

But these adjudications do not seem to be in accord with our statute and the rulings of the Supreme Court upon the subject. Thus by section 2920, R. S. 1889, the party prevailing is entitled to recover his costs against the other party, except as otherwise provided by law; while by section 2946, in all cases where costs shall be awarded, either before or upon final judgment, execution shall be issued therefor forthwith

by the clerk, unless otherwise ordered by the party in whose favor such costs shall be awarded. With these provisions of the statute in view it was held in Beedle v. Mead, 81 Mo. 297, that the judgment for costs belongs to the litigant, and that he alone controls it. The court said: "The judgment for costs is in favor of the litigant, to reimburse him for what he has paid out and expended, and he is entitled to have execution therefor. Over that judgment the party, in whose favor it is rendered, has absolute control. It is his property. He may enforce or forgive it at his pleasure. Under similar statutes in the State of Illinois this view is strongly maintained." There is then quoted with approval from Reddick v. Cloud, 2 Gil. 676, the following: "There can be no doubt of the right of the officers interested in the fee bill delivered, as an execution against the defendants, to control it. And the sheriff is liable to their orders, except in relation to his own fees, as much as he is to the orders of the plaintiff in execution, in relation to it. But not so in relation to the execution. That is the plaintiff's process; the officers have no right to control it. The plaintiffs may forgive the debt and costs, if they choose, and the officers have no right to interfere. The plaintiffs are liable in the first instance to the officers for their own costs, and are entitled to recover them of the defendant to reimburse themselves. . . . Under this view of the case, it would be extremely inconvenient to allow each and every one interested in the costs to take control of the plaintiff's process, by which their satisfaction might be hazarded, or lost, or great delay and expense incurred." The same doctrine is announced in Newkirk v. Chapron, 17 Ill. 344; Wickliff v. Robinson, 18 Ill. 145; see, also, Freeman on Executions, sec. 21.

So in Hoover v. Railroad, 115 Mo. 77, it was held that a judgment for costs is an incident of the judgment and must be in favor of or against a party to the cause, and the party

alone in whose favor it is rendered has the right to sue out execution therefor.

Where the statute says the party prevailing shall recover his costs it means the costs incident to the suit, and the judgment therefor is as much his as the judgment for any sum that may be rendered in his favor upon the merits of the case. These views are in accordance with the opinion of the Kansas City Court of Appeals in this case, but are in conflict with the case of Meyer to use v. Mehrhoff, 19 Mo. App. 682. We therefore approve the ruling of the Kansas City Court of Appeals, and disapprove the case of Meyer to use v. Mehrhoff, *supra*.

For these considerations we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.