ISAAC D. ELSEA et al., Respondents, v. CHANNING L. PRYOR, Appellant.

### St. Louis Court of Appeals, February 12, 1901.

1. **Assignee's Allowance, Suit on:** ALLOWANCE IN ALL RE-SPECTS A JUDGMENT. The allowance of plaintiff's demand by the assignee was to all intents and purposes a judgment that fixed the amount due and extinguished the original claim.

2. ———: ———: PAYMENT, PARTIAL: LIMITATION. It is the partial payment of a debt that revives it, and not the formal crediting it.

3. ———: ———: ACCRUING OF CAUSE OF ACTION: ACT OF 1895, LIMITING LIFE OF JUDGMENTS, CONSTRUED. As the cause of action accrued on the date of allowance and before the statute of 1895, limiting the life of judgments to ten years, was passed, such statute is not applicable.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby*, Judge.

AFFIRMED.

Elsea v. Pryor.

## STATEMENT OF THE CASE BY THE COURT.

This action was begun on the twenty-sixth of October, 1898, upon an assignee's allowance of a demand in favor of plaintiffs and against his assignor, the defendant, growing out of a note made by defendant payable to plaintiffs. The note in question was dated April 8, 1885, payable to plaintiff twelve months after date for the sum of $800, with interest at ten per cent to be compounded if not paid annually, signed by defendant and others. On the back of this note there was an indorsement reciting, to-wit: "This note allowed in the sum of eight hundred and fifty-three dollars and thirty-three cents, this February 2, 1886. E. C. Jackson, assignee, of C. L. Pryor." The note bore further indorsements of installments paid thereon from the proceeds of the assigned estate, the last being dated May 9, 1887, and the still further indorsement dated July 15, 1898, reciting a payment of seventy-five cents. The said assignee was, in the early part of 1887, discharged after having made his final settlement.

The testimony of plaintiff is that the last indorsement above mentioned, seventy-five cents, grew out of a purchase of medicine to that amount by him from the defendant Pryor, who was a physician, and who delivered to plaintiff the following statement as evidence thereof, to-wit:

"July 15, 1898.

"Isaac D. Elsea in account with C. L. Pryor, M. D.

To medicine .........75 cents

By Cash ............75 cents."

That defendant at the time of this transaction did not owe him, plaintiff, anything except what was due upon the claim allowed on said note. The defense was a general denial and the special plea that plaintiff's alleged cause of action did not accrue within ten years. The cause was submitted to the court

without a jury which, after overruling the demurrer to the evidence interposed by defendant at the close of the trial, rendered a judgment for plaintiff, from which this appeal was taken by defendant.

*I. C. Dempsey, J. D. Hostetter* and *J. B. Jones* for appellant.

(1) The allowance of a claim by an assignee merges it into a judgment, and no action can thereafter be maintained on the original cause of action, but any subsequent suit for the debt must be brought on the assignee's judgment. Slate Co. v. Cornice & Iron Co., 62 Mo. App. 569; Kendrick v. Mfg. Co., 60 Mo. App. 22; Rice Stix & Co. v. McClure and Harper, 74 Mo. App. 379; Boiler Works v. Haydock, 59 Mo. App. 653; Eppright v. Kaufman, 90 Mo. 25. (2) Under the authority of the cases cited above, the note mentioned in the case at bar became extinguished and merged in the assignee's alleged judgment, and thereafter ceased to be any obligation whatever. The evidence of the plaintiff Elsea is plain, unequivocal and emphatic to the effect that the 75-cent credit, was by Dr. Pryor paid on the note, not on the judgment. But whether the alleged assignee's judgment be a valid one or not, it was clearly barred by the statute of limitations. While there seems to be no direct adjudications in this State as to the effect of the statute of limitations on an assignee's judgment, yet if not covered by section 4297, Revised Statutes 1899, because not a court of record, still it is covered by the provisions of section 4273, Revised Statutes 1899.

*Tapley & Fitzgerrell* for respondents.

(1) When respondents showed by the assignee that his records were destroyed or lost they were entitled to show by

oral evidence as to what the record contained. George v. Mid-
dough, 62 Mo. 549; Strain v. Murphy, 49 Mo. 337; Parry v.
Walser, Adm'r, 57 Mo. 225. (2) The statute of limitation
that was in force at the time this note was given in 1882, and
also .at the date of the maturity·of the note, and also on the
date of the allowance of the same by the assignee on .February
2, 1886, was 20 years. R. S. 1879, sec. 3251. If a party .
litigant wishes to avail himself of a certain statute of limita-
tions he must plead the one on which he relies. Appellant in
the case at bar pleaded the 10-year statute of limitations
(R. S. 1899, sec. 4297), and having pleaded it he can not
now rely on the 5-year statute of limitation (R. S. 1899, sec.
4293). Section 4297, Revised Statutes 1899, is an amend-
ment of section 6796, Revised Statutes 1889, having been
amended in 1895, page 221 of the Session Acts. The limita-
tion on judgments under the Revised Statutes 1879, was 20
years; in Revised Statutes 1889, it was 20 years; in· Session
Acts, 1895, it was changed to 10 years; in Revised Statutes
1899, it is 10 years. The amendment of 1895 does not change
the limit of time to 10 years in the case at bar. ·Cranor v.
School District, 151 Mo. 119; Reinhold v. Kenigan, 3 Mo.
App. Rep. 663; R. S. 1889, sec. 6797; R. S. 1899, sec. 4298.

BOND, J.—The allowed demand upon which plaintiffs
sued has all the attributes of a judgment so far as *fixing* the
amount then due upon the note, which was the basis of the
allowance, and merging the same into the form of indebtedness
expressed by the allowance. Rice, Stix & Co. v. McClure and
Harper, 74 Mo. App. 379; Slate Co. v. Cornice & Iron Co.,
62 Mo. App. 569; Eppright v. Kauffman, 90 Mo. 25. The
testimony of the plaintiff showing that the seventy-five cents
received by him from defendant in the form of medicine, was
entered upon the back of the note; also showing that defendant
did not at that time owe him (plaintiff) . anything except what

Elsea v. Pryor.

was due upon the allowed demand based on said note, which allowance and also the subsequent payment of dividends thereon by the assignee, was also indorsed on said note, makes it reasonably inferable that the parties intended the transaction in question to go as a credit on the allowed demand. If such was their purpose, the amount then paid had the effect of reviving the debt evidenced by the allowed demand, even if it had been previously barred by the statute of limitations, for the rule is, that it is the fact of the partial payment of the note or instrument which is barred by the statute of limitations and not the formal crediting thereof on the back of the note or instrument which revives the debt. Henry v. Diviney, 101 Mo. 378. It is thus apparent that there was a sufficient basis in the evidence for the finding of the court that the allowed demand was revived on the date of this last transaction (July 15, 1898), and as the suit was brought in a few months thereafter, it is clear that there was no error in overruling the demurrer to the evidence.

Moreover, the statute of limitations set up as a defense in this action was the lapse of ten years after the accrual of the cause of action and before the institution of suit thereon. The cause of action arose on the date of the allowance of the demand sued upon, to-wit, February 2, 1886. At the time the statute of limitations evidently relied upon by the defendant, to-wit, section 4297 of the revision of 1899, even if applicable to an allowance of a claim by an assignee, had not been enacted. It has been decided that this statute has no retrospective operation. McElroy v. Ford, 81 Mo. App. loc. cit. 505; Cranor v. School Dist., 151 Mo. 119. Neither can we concur in the view of the learned counsel for appellant that the statute of five years was available as a defense to this action. It is sufficient to say that the answer did not plead the bar of this statute, wherefore it can not be interposed to plaintiff's claim. Murphy v. De France, 105 Mo. 53. The judgment is for the right party and is affirmed. All concur.