## BICK, Appellant, v. TANZEY.

### Division Two, May 10, 1904.

1. **REVIVAL OF JUDGMENT: By Assignee.** Neither by the common law nor by the statutes can a judgment be revived in the name of the assignee. In obtaining an execution upon the judgment, whether it be in force or dormant, the assignee can proceed only in the name of the original judgment creditor.

2. ———: ———: **Scire Facias: Meaning of Justice Peace Statute.** The assignee of a judgment may sue upon the judgment in his own name, but a proceeding in the circuit court upon a writ of *scire facias* to revive a judgment is not an "action" within the meaning of the statute. A revival proceeding before a justice of the peace is analogous to that upon a writ of *scire facias* in the circuit court, and hence such proceeding is not an action. Therefore, section 3748, Revised Statutes 1899, which provides that "any action which the plaintiff in such judgment might have thereon may be maintained in the name of the assignee," does not entitle the assignee to maintain a proceeding to revive a judgment rendered by a justice of the peace, for the reason that such proceeding is not an action.

3. ———: **Affidavit.** Without the filing of the affidavit required by the statute, a justice of the peace acquires no jurisdiction over a proceeding to revive a judgment, and hence the judgment of revival is void.

4. ———: ———: **Absence from Record: Burden.** The absence of an affidavit from a complete transcript of the proceedings before a justice of the peace to revive a judgment, will warrant the presumption that no such affidavit was filed, and the burden of rebutting such presumption, by showing that in fact it was filed, rests upon the party in ejectment relying upon the validity of the revival.

, 5. **APPELLATE PRACTICE: Correct Result of Trial.** The appellate court deals with the result of the action of the trial court, and if upon the record that result is correct, its action will be affirmed, although it may have predicated its action upon another proposition than that which forces the appellate court to the same conclusion.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*W. T. Ragland* for appellant.

(1) The judgment was properly revived by the justice who rendered it, notwithstanding the filing of a transcript in the circuit court. R. S. 1899, sec. 4020; R. S. 1889, sec. 6288. And the record is sufficient; a mere certificate from the justice would have filled the statutory requirements. Ib., sec. 4020. (2) (a) The proceeding to revive a judgment before a justice of the peace by citation is analogous to revival by *scire facias* in a court of record, and is, therefore, an action and the judgment thereon is, in a sense, a new judgment. Walsh v. Bosse, 16 Mo. App. 231. (b) And has the same force and effect as the original judgment. R. S. 1899, sec. 4027; R. S. 1889, sec. 6295. (3) The revival proceedings were properly had in the name of the assignee, Bick. R. S. 1899, sec. 3748; R. S. 1889, sec. 6046; R. S. 1899, sec. 540; Lionberger v. Baker, 14 Mo. App. 353; Burns v. Bangert, 16 Mo. App. 22; Knapp v. Stanley, 45 Mo. App. 264; Bank v. Bulkley, 68 Mo. App. 327; State ex rel. v. Hoshaw, 98 Mo. 358.

*J. H. Whitecotton* for respondent.

(1) The judgment of revival was void, for the reason that the statutory jurisdictional requirements were not complied with in reviving the judgment. The records and testimony do not tend to show a statutory

affidavit filed as required by statute.  R. S. 1899, secs. 4023, 4024; 59 Mo. App. 188; 64 Mo. App. 673.  (2) The proceeding to revive a judgment before a justice of the peace is not an action, nor the judgment a new judgment. 155 Mo. 207.  (3) The revival proceedings are improper and without authority of law and void.  The judgment being void, all proceedings based upon said judgment were void, and no title passed.  126 Mo. 233; 138 Mo. 538.

FOX, J.—Appellant's statement is substantially verified by the record in this cause, hence, we practically adopt the statement made; it is as follows:

"This is a suit in ejectment for possession of the land described in the petition, to-wit, the west half of the west half of section eleven, and sixty-two acres off the south side of the south half of the southwest quarter of section two, all in township fifty-three, range ten, Monroe county, Missouri.  It was admitted that Millie V. Tanzey is the common source of title.  On the thirtieth day of September, 1885, Millie V. Tanzey and Benjamin H. Tanzey, her husband, conveyed by their warranty deed to Temple B. Robinson eighty-two acres of said land, viz:  sixty-two acres off of the south side of the southwest quarter of section two, and twenty acres, the north half of the northwest fourth of the northwest quarter of section eleven, in township fifty-three, range ten, Monroe county.  On the same day, September 30, 1885, Temple B. Robinson conveyed said land by his deed, a special warranty, to Benjamin H. Tanzey.

"On the eighteenth day of June, 1875, one Ephriam M. Poage recovered a judgment against Benjamin H. Tanzey for the sum of $265.61 for his debt, and $2.75 for his costs, before J. J. Armstrong, a justice of the peace in and for Jackson township, Monroe county, Missouri.  On the same day the justice issued execution on this judgment, and placed the same

in the hands of the constable of Jackson township. At the request of the plaintiff the execution was renewed on the seventeenth day of September, 1875, and again on the sixteenth day of December, 1875. On the fifteenth day of March, 1876, the execution was returned *nulla bona.* On the thirteenth day of March, 1883, a transcript of this judgment was filed in the office of the clerk of the circuit court for Monroe county, and on the twenty-fourth day of April, 1895, the judgment was assigned to one J. J. Bick. The assignment was in writing on the margin of the record of the transcript judgment and was signed by judgment plaintiff, Ephriam M. Poage.

"Afterwards the assignee, J. J. Bick, instituted such proceedings before the justice, said J. J. Armstrong, that a judgment was rendered by the latter, reviving the original judgment in the name of Bick, the assignee. This judgment of revival was rendered on the twenty-fourth day of May, 1895. On the sixth day of September, 1895, execution was issued on this judgment and placed in the hands of the constable of Jackson township. It was by him returned *nulla bona* on the fifth day of December, 1895. A transcript of the judgment as revived, and showing the issue and return of the execution thereon as above stated, was filed in the circuit clerk's office of Monroe county, on the twenty-second day of January, 1896. Execution issued on this transcript judgment to the sheriff of Monroe county, January 25, 1896, under which all the right, title, interest and estate of Benjamin H. Tanzey in all the land described in the petition was levied upon, sold and the sheriff executed a deed, purporting to convey the land sold. The sheriff's deed was delivered to plaintiff October 26, 1896, and this suit was instituted February 6, 1897.

"The evidence shows that Benjamin H. Tanzey had title to eighty-two acres of the land sued for, being the land conveyed to him by Robinson, at the time of the levy

and sale under the execution issued against him. The
evidence also shows that defendants, Millie V. Tar-ey
and Robert E. Tanzey, were and are in possession of
this eighty-two acres.

"At the conclusion of plaintiff's testimony the
court, at the request of defendants, gave an instruction
in the nature of a demurrer to the evidence and the
jury accordingly returned a verdict for defendants.
From the judgment rendered thereon plaintiff appeals."

. The vital question involved in this controversy is
in respect to the revival of the judgment before the
justice of the peace; hence to fully appreciate the prop-·
osition it will be well to insert the revival proceeding
as certified by the justice:

"State of Missouri, County of Monroe, ss.   Be-
fore J. J. Armstrong, Esq., justice of the peace of Jack-
son township.
          "Citation to revive judgment.
    "J. J. Bick, assignee of E. M. Poage, plaintiff,
v. Ben. H. Tanzey, defendant.
    "April 25, 1895, citation issued to defendant made
returnable May 24, 1895 at ten o'clock a. m., delivered
to J. W. Clark, constable; said judgment was rendered
by me on the nineteenth day of June, 1875, on suit on
a note dated Nov. 11, 1868, for one hundred sixty-
nine and 90-100 dollars, bearing ten per cent compound
interest, credited May 11, 1869, by thirty dollars.   The
judgment rendered June 19, 1875, was for the sum of
two hundred eighty-five and 91-100 dollars, and two and
75-100 dollars cost.
    "May 24, 1895.   Now comes the plaintiff and it
appearing from the return of the officer that the citation
issued in this cause has been duly served on the defend-
ant and said defendant failing to appear and show cause
why the judgment rendered by a justice of the peace of
Jackson township, in Monroe county, on the nineteenth
day of June, 1875, in favor of E. M. Poage, plaintiff,

and against said defendant for the sum of two hundred sixty-five and 91-100 dollars should not be revived. It is therefore adjudged that said judgment be revived from this date and that execution issue for the sum of two hundred sixty-five and 91-100 dollars with interest at the rate of ten per cent compounded per annum from date of the original judgment, and costs, taxed in all at six and 70-100 dollars.

"Given under my hand this May 24, 1895.

"J. J. ARMSTRONG, J. P.

"I, J. J. Armstrong, justice of the peace in and for the township and county aforesaid, do certify the foregoing to be a full, true and complete transcript of the entries in the case first above-mentioned as the same appears of record on my docket.

"Witness my hand this twenty-fourth day of May, 1895.

"J. J. ARMSTRONG, J. P."

This transcript of the revival proceedings was filed in the office of the clerk of the circuit court.

It will serve no useful purpose to burden this statement with a copy of the sheriff's deed, purporting to convey the land in controversy to the plaintiff; it will suffice to say, that the deed recited the fact that the execution upon which the levy was made and land sold, was issued in favor of J. J. Bick, assignee and E. M. Poage, and against the said Benjamin H. Tanzey, dated the twenty-fifth day of January, 1896.

Plaintiff claims title under the sheriff's deed. This is a sufficient statement to enable us to dispose of the the legal questions presented by the record in this cause.

OPINION.

It will be observed that the trial court, at the close of plaintiff's case, gave a peremptory instruction in the nature of a demurrer to the evidence, directing

the jury to find the issues for the defendants. The correctness of the action of the trial court in giving the instruction is the only question in dispute. This disputed question involves two legal propositions, presented by this record for solution:

First. Could the original judgment, rendered by the justice of the peace, in favor of E. M. Poage v. B. H. Tanzey, be revived in the name of J. J. Bick, assignee of E. M. Poage?

Second. If the first proposition is answered in the affirmative, was such revival proceeding void for want of jurisdiction?

The questions involved must find their solution in a fair and reasonable interpretation of the law applicable to them.

Upon the first proposition, we are met at the very threshold of this investigation with the rule at common law, that the assignee of a judgment was entitled to no writ in his own name to enforce its collection, although he might invoke a remedy in equity when necessary, and was entitled to a writ in the name of the plaintiff to his use. In the case before us, the judgment was attempted to be revived in the name of the assignee. This is made apparent by the style of the revival proceeding, and is emphasized by the recitation in the sheriff's deed, and is conceded in the brief of the appellant, where it is said: "The revival proceedings were properly had in the name of the assignee Bick."

We have stated the common law rule; it furnishes no sanction for the revival of a judgment in the name of the assignee; hence we must look to the provisions of the statute for authority upon which to predicate this revival judgment. Section 6287, Revised Statutes 1889, now section 4019, Revised Statutes 1899, provides for the revival of judgments of justices of the peace, in the same manner and with like effect as judgments of the circuit courts. Section 6013, Revised Statutes 1889, now section 3715, Revised Statutes 1899, which is appli-

cable to judgments in the circuit court, provides that the plaintiff, or his legal representatives may revive a judgment. Section 6291, Revised Statutes 1889, now section 4023, Revised Statutes 1899, is the only provision pointing out the method of reviving a judgment before a justice of the peace, and it expressly states that the provision is made to enable the plaintiff or his legal representatives to revive the judgment.

It is apparent that the Legislature has limited the exercise of the right to revive judgments, either in the circuit court, or before a justice of the peace, to the original judgment creditor or his legal representatives. Whether this limitation by the law-making power is wise, or was intentional, or not, is not for our consideration; but that the limitation has been made is clear, and from a careful examination of the legislative expressions upon this subject, it is too plain for discussion. The will of the legislature has been expressed on this subject as follows: section 3745, Revised Statutes 1899, provides for the assignment of judgments; section 3746 states that payment of the judgment to the assignor before notice of the assignment shall be valid; section 3747 provides that the execution shall be issued in the name of the original plaintiff, but shall be indorsed by the clerk or justice, to be for the use of the assignee; section 3748 says any action which the plaintiff in such judgment may have therein, may be maintained in the name of the assignee.

It will be observed, that while the judgment is in full force, the assignee is limited in his power to obtain an execution, except in the name of the original judgment creditor; how are we, in the absence of any statute, to extend his power, when the judgment becomes dormant, by holding that he can proceed in his own name to revive the judgment? The sections above referred to contain all that the Legislature has said applicable to the proposition now being discussed, and are the same in substance as in the revision of 1889, and are

applicable alike to judgments of the circuit court and justices of the peace.

In Sutton v. Cole, 155 Mo. 206, this court clearly drew the distinction between an action and a *scire facias,* and reached the conclusion that a proceeding upon a writ of *scire facias* to revive a judgment was not an action, but simply a continuance of a former suit. Revival proceedings before justices of the peace are analogous to those in the circuit court upon writs of *scire facias;* hence the rule as announced in the Sutton case, supra, is equally applicable to the case before us; it follows, therefore, that section 3748, which provides that "any action which the plaintiff in such judgment might have thereon may be maintained in the name of the assignee," can afford the plaintiff no relief in this case, for the reason that a proceeding to revive a judgment is not an action, and that section has no application to proceedings of that character.

The Legislature has not provided for reviving judgments in the name of the assignee, and the assignee, in obtaining an execution upon the judgment, whether it be in force or dormant, can proceed only in the name of the original judgment creditor; or sue upon the judgment in his own name, which he would be authorized to do.

The judgment in this case was revived in the name of the assignee without any authority of law, and the execution issued upon it in his favor was equally without legal sanction, and both were void, and the sale by the sheriff under the execution passed no title. The action of the trial court in giving the peremptory instruction finds support upon this ground.

This conclusion is decisive of this case, and it is unnecessary to determine the second proposition; however, as it is presented in the record, we deem it appropriate to briefly consider it.

Upon the second proposition, the record discloses that a transcript of the judgment, before the attempted

revival of it, was filed in the office of the clerk of the circuit court. Now it must be conceded that by virtue of the provisions of section 4020, Revised Statutes 1899, it was not incumbent upon the justice to file a new transcript of the revived judgment; but on the contrary, that section only contemplates that the justice shall simply certify that the judgment has been revived, and the date of such revival. If, in this case, that plain certificate had been made and appeared alone, the court would not have been warranted in concluding that the conditions precedent to the proper and legal revival of the judgment had not been complied with; for that certificate, that the judgment had been revived and the date of such revival, was prima facie evidence, at least, that the revival proceedings were in every way regular. But that is not this case. The justice instead of merely making out the certificate of the revival of the judgment, together with the date thereof, as provided by section 4020, supra, made out a complete transcript of the revival proceeding before him, and certifies that it is a correct and complete transcript of the proceedings as they appear in his docket or record in his office, and this is filed in the office of the clerk of the circuit court, and was introduced in evidence.

Sections 4023 and 4024, Revised Statutes 1899, provide:

"Sec. 4023. To enable a plaintiff or his legal representatives to revive any such judgment, he or they shall cause to be filed an affidavit with the justice of the peace before whom the judgment was rendered, or his successor in office, stating that no part of such judgment has ever been paid, or if any part thereof has been paid, stating how much, and the balance due on such judgment.

"Sec. 4024. Upon the filing of the affidavit it shall be the duty of the justice to cause a citation to be served upon the defendant, commanding him to appear before said justice at a time not less than ten nor more

than thirty days from the issuing thereof, and show cause, if any he has, why such judgment shall not be revived.''

It is apparent that a compliance with the provisions of the statute, herein quoted, is a condition precedent to a legal and valid revival of a judgment, and that in order to confer jurisdiction upon the justice, it must somewhere appear upon the face of the proceedings that such statutory requirements have been complied with. This legal proposition was clearly announced and correctly decided in Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188, and Kincaid v. Griffith, 64 Mo. App. 673.

It will be observed that the filing of the affidavit before the justice required by section 4023, supra, is the very basis of the revival proceeding, and it is certainly contemplated by the statute which requires the justice to keep a docket, and enter therein a brief statement of the nature of plaintiff's demand, that some entry be made in his record of the filing of the document which authorizes him to issue process in a revival proceeding.

The transcript of the attempted revival of the judgment purported to contain all the entries in the docket, and an examination of that record discloses an entire absence of any entry showing the first and most essential step in the commencement of the proceeding before the justice to revive the judgment. While we will not say, if the affidavit was in fact filed with the justice, that a judgment of revival would be void, unless that fact appeared in his docket, on the other hand, the complete transcript of the docket entries in the proceeding, being the only evidence before the court, the absence of any entry in that record indicating that the basis of the proceeding (the affidavit) had been filed with the justice, would fully warrant the presumption that no such affidavit was filed, and the burden of rebutting such presumption, by showing in fact that it was

filed, rests upon the plaintiff. In the absence of the affidavit provided by the statute, the justice acquired no jurisdiction, and the judgment of revival was void.

We have thus given expression to our views in this case, as disclosed by the record, and while it may be said that the trial court did not predicate its action in giving the peremptory instruction in this cause upon the first proposition, we will say, in response to that suggestion, that we are dealing with the result of the action of the trial court, rather than any particular theory which may have brought about that result.

However, upon the record in this cause, the action of the court is supported in the conclusion reached upon both propositions.

The judgment is affirmed.

All concur.