BEN S. STROTHER, Appellant, v. C. E. HILLIKER, Respondent.

Kansas City Court of Appeals, June 18, and October 1, 1906.

JUSTICES' COURTS: Judgment: Revival: Assignee: Jurisdiction. A judgment cannot be revived in the name of the assignee; and the attempt of a justice to do so is without jurisdiction and void.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Geo. B. Strother* and *Sam. B. Strother* for appellant.

(1) The court erred in sustaining plaintiff's motion to dismiss this cause for the reason that section 378, Revised Statutes 1899, was broad enough to permit plaintiff to have an attachment issued in aid of the revival of this dormant judgment. (2) An independent action by attachment or otherwise may be maintained on a judgment. Sheehan v. Simms, 28 Mo. App. 64-67; Headely v. Kerby, 6 Ohio 521; Stewart v. Landis, 6 Cal. 372; Taylor v. Roote, 4 Keys 235; McDonald v.

Butler, 3 Mich. 558; Burns v. Simpson, 9 Kans. 658; Lammers v. Steele, 77 Mo. App. 456. (3) The question now arises, is this a civil action? Section 366, Revised Statutes 1899, says that in any court having competent jurisdiction, the plaintiff in any civil action, may have an attachment against the property of the defendant . . . in any one or more of the fourteen grounds of attachment.

*Meservey, Pierce & German* and *Cameron L. Orr* for respondent.

(1) Justice Pursley had no jurisdiction of the subject-matter of the suit wherein W. H. Dixon was plaintiff and C. E. Hilliker was defendant, and the judgment so rendered by him was void for the reason that a copy only and not the original note was filed in his court; therefore, all subsequent proceedings based thereon were also void. Secs. 3852 and 3853, R. S. 1899; Olin v. Zeigler, 46 Mo. App. 193; Ins. Co. v. Foster, 56 Mo. App. 197; Rechnitzner v. Candy Co., 82 Mo. App. 311. (2) The statutory jurisdictional requirements for the revival of a dormant judgment were not complied with, and Justice Shoemaker acquired no jurisdiction to take any action looking toward a revival, and all proceedings in Justice Shoemaker's court were void, because not in compliance with statute. Secs. 3715, 4019 and 4023, R. S. 1899; Bick v. Tanzy, 181 Mo. 515; Goddard to use v. Delaney, 181 Mo. 564. (3) A proceeding for revival of judgment before a justice is not a civil action as contemplated by sections 366, 378 or 3748, Revised Statutes 1899. Sutton v. Cole, 155 Mo. 206; Bick v. Tanzy, 181 Mo. 515; Goddard to use v. Delaney, 181 Mo. 564; Armstrong v. Crooks, 83 Mo. App. 141; Long v. Thormond, 83 Mo. App. 227. (4) This judgment cannot be revived by the assignee, Ben S. Strother, in his name. Bick v. Tanzy, 181 Mo. 515; Goddard to use v. Delaney, 181 Mo. 564.

BROADDUS, P. J.—On the 30th day of January, 1900, one W. H. Dixon recovered a judgment against defendant herein in a justice's court, which he assigned to the plaintiff Strother. On January 26, 1905, the plaintiff filed in the court of James B. Shoemaker, the successor in office of the justice who had rendered said judgment, a petition to revive the same; and at the same time filed an affidavit in attachment, stating certain statutory grounds therefor. He also gave the necessary bond for an attachment. Whereupon the justice issued a writ of attachment in the usual form, which the constable executed by seizing two of defendant's horses.

Proper notice of the proceedings was served upon defendant, who appeared and filed a plea in abatement to the attachment, which, upon being heard, was sustained, and plaintiff appealed to the circuit court. When the case reached the circuit court, the defendant moved to dismiss it for the reason that the court had no jurisdiction of the subject-matter, which motion the court sustained and plaintiff appealed to this court.

The action of the court was right; a judgment cannot be revived in the name of an assignee. [Bick v. Tanzey, 181 Mo. 515.] All the proceedings were void, as the justice had no jurisdiction of the subject-matter. Affirmed. All concur.