BICK, Plaintiff in Error, v. ROBBINS, Defendant in Error.

**St. Louis Court of Appeals, May 26, 1908.**

1. **JUDGMENT: Action by Assignee of Judgment.** One to whom a judgment has been assigned in due form may maintain an an action thereon in his own name (Revised Statutes 1899, sections 3745, 3748), although the assignee of the judgment may not, by *scire facias.* proceeding, revive the judgment.

2. ———: **Limitation: Amendment of Statute.** The Act of 1895 amending the Statute of Limitations so that suits on judgments must be instituted within ten years from their rendition, instead of within twenty, as the law stood before, did not provide a time within which a right of action, then accrued, might be enforced; the effect of the statute was to prescribe a limitation of ten years from the date of its passage for actions upon judgments then in existence, which would not expire sooner. Where a judgment was rendered in 1891, the right of action thereon would be barred within ten years from the passage of the Act of 1895.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Thomas P. Bashaw* for plaintiff in error.

This being suit on a judgment, plaintiff, as the assignee for value of the judgment creditor, is entitled to recover in his own name. Section 3745, Revised Statutes 1899, identical with section 6043, Revised Statutes 1889, in force at the time of the assignment in this case, authorizes the assignments of judgments of justices of the peace and courts of record, and provides that such assignment "shall vest the title to such judgment in each assignee thereof, successively." The defendant's plea of the ten years' Statute of Limitations. cannot be maintained. The judgment sued on in this case was rendered April 18, 1891. At that time the

limitation as to actions on judgments was twenty years, and this suit was brought January 8, 1903. And the twenty years' statute applies to this case. Cranor v. School Dist., 81 Mo. App. 152; s. c., 151 Mo. 119; McElroy v. Ford, 81 Mo. App. 500; Tice v. Fleming, 173 Mo. 49.

NORTONI, J.—This is a suit on a judgment. At the conclusion of the plaintiff's evidence, the court declared the law, at the instance of defendant, that under the pleadings and the evidence plaintiff could not recover. Plaintiff sued out this writ of error. The evidence on the part of plaintiff is to the effect that one W. R. Wilkerson, on April 18, 1891, obtained a judgment against the defendant before a justice of the peace of Monroe county for the sum of $29.39 on a promissory note. Execution was issued thereon by the justice and renewed several times. It was finally returned unsatisfied. It appears the present plaintiff, Bick, purchased the judgment from the plaintiff therein on August 24, 1893, and the same was properly assigned to Bick, the present plaintiff, by Wilkerson, on the record, in accordance with the statute (sec. 3745, R. S. 1899; sec. 3745, Mo. Ann. St. 1906). On the following day, plaintiff Bick caused a transcript thereof to be filed in the office of the clerk of the circuit court, as provided in section 4018, Revised Statutes 1899; section 4018, Mo. Ann. St. 1906. The records of that court were introduced showing that a *scire facias* was issued out of the circuit court to revive this judgment on April 19, 1894; that judgment of revival was entered in accordance therewith, November 2, 1894; that a second *scire facias* was issued out of the circuit court March 12, 1898, for the purpose of reviving the judgment and a judgment of revival thereon was had April 27, 1899. It appears the judgment has never been satisfied. As stated above, the court declared the plaintiff was not

entitled to recover. The record fails to indicate upon what theory this judgment was given. It is to be gleaned, however, from the argument presented in the briefs, the court was of the opinion that because the action was brought in the name of Bick as assignee of the judgment, it could not be sustained. This view would be entirely proper were the proceeding one to revive a judgment by *scire facias*, as has been recently determined by our Supreme Court in Bick v. Tanzey, 181 Mo. 515, 80 S. W. 902. The proposition of law referred to does not obtain, however, with reference to the prosecution of a suit on a judgment by the assignee thereof. Our statute (sec. 3745, R. S. 1899, sec. 3745, Mo. Ann. St. 1906), authorizes the assignment of judgments and provides that such assignments, when properly made of record as in this case, "shall vest the title to such judgment in each assignee thereof successively." Section 3748, Revised Statutes 1899, section 3748, Mo. Ann. St. 1906, provides that "any action which the plaintiff in such a judgment might have thereon may be maintained in the name of the assignee." No one will deny that had the original plaintiff, Wilkerson, continued to own the judgment, he could have maintained suit thereon against the defendant therein, if the same remained unsatisfied, as it did. By the assignment to Bick, the identical right accrued to him. [Bick v. Tanzey, supra; 17 Amer. & Eng. Ency. Law (2 Ed.), 881, 882; sec. 3748, R. S. 1899, supra.] In the case of Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052, a distinction was pointed out between an action and a proceeding by *scire facias* to revive a judgment. The case of Bick v. Tanzey, supra, reaffirms the distinction mentioned and declares that the statute, section 3748, supra, authorizing the assignee of a judgment to maintain any action which could have been maintained by the original plaintiff therein, does not obtain with respect to a *scire facias*. That is to say, that case affirms that al-

though the assignee of a judgment might maintain a suit thereon in his own name, no authority is given for proceedings to revive the judgment in the name of the assignee. The latter proceeding, it is said, must be had in the name of the original plaintiff or his legal representatives, as provided in section 3715, R. S. 1899, sec. 3715, Mo. Ann. St. 1906.

The introduction in evidence of the two *scire facias* proceedings had on the judgment in the circuit court and the judgments thereon reviving the same, no doubt confused the issue to some extent. It is argued here on the part of defendant in error that the judgment must be affirmed for the reason it appears the judgment sued on is a judgment revived by *scire facias* in the name of J. J. Bick, the assignee thereof, which has been determined to be incompetent by the case of Bick v. Tanzey, supra. Indeed, if it appeared that the judgment sued upon was a judgment revived by Bick as assignee, the argument would be sound, under the authority of the case cited. But such is not the case presented. The suit is on the original judgment of Wilkerson versus the present defendant and the subsequent assignment thereof to the present plaintiff. The judgment sued upon was rendered April 18, 1891, prior to the amendment of our Statute of Limitations with respect to judgments. At the date of the rendition of the judgment, the statute with respect to limitations of actions thereon, provided a period of twenty years in which suits could be instituted. [Sec. 6796, R. S. 1889; Manning v. Hogan, 26 Mo. 570; Meyer v. Mehrshoff, 19 Mo. App. 682; Cobb v. Houston, 117 Mo. App. 645, 94 S. W. 299.] In 1895, the Legislature amended the Statute of Limitations referred to by reducing the period of limitation within which suits on judgments might be instituted to ten instead of twenty years, as theretofore. The amendment is incorporated in section 4297, R. S. 1899; sec. 4297, Mo. Ann. St. 1906. The ten years'

limitation provided by the statute last cited, has no application whatever to the case at bar, for that statute is not retrospective in its operation. While it is entirely competent for the Legislature to curtail the limitation within which suits may be instituted for the enforcement of an accrued right, it is not permissible to extinguish existing rights of action thereby. When the limitation period is thus reduced by the Legislature, it is essential, in order to give entire validity to the act in respect of existing causes of action, to provide a reasonable period after its passage for the enforcement of such rights as had theretofore accrued. It is the rule, when such reasonable time has not been provided that rights theretofore accrued will be governed by the prior Statute of Limitations, or in proper circumstances, the period under the present or amended statute will commence to run as of the date the amended statute became effective. [Cranor v. School District, 151 Mo. 119, 52 S. W. 232; Tice v. Fleming, 173 Mo. 49; Elsea v. Pryor, 87 Mo. App. 157; Cranor v. School District, 81 Mo. App. 152; McElroy v. Ford, 81 Mo. App. 500.] Now in the case at bar, the judgment having been rendered April 18, 1891, the twenty year limitation respecting suit thereon under the statute then in force would expire in April, 1911. The right to sue on the judgment within that time was a right accrued to and vested in the owner of the judgment, subject, however, to be modified by competent legislative enactment as above mentioned. In 1895, the Legislature modified the limitation, as appears by its incorporation in section 4297, R. S. 1899, sec. 4297, Mo. Ann. St. 1906, and prescribed a period of ten years within which suit might be instituted. This act failing to provide a reasonable time within which the right of action then accrued might be enforced, it operated to prescribe a limitation of ten years from the date it went into effect, upon the judgment now in suit. That is to say, it cur-

tailed the period of limitation in so far as the judgment involved is concerned so that it would expire ten years thereafter. Or in other words, the action on the present judgment would become barred thereby in the year 1905 under the new statute instead of in 1911, under the old. The suit on this judgment was instituted January 8, 1903, or more than two years before the limitation had expired, as provided by the amendment of 1895. The ten years' Statute of Limitations pleaded in defendant's answer is therefore without influence in the case.

The fact that plaintiff introduced the records of the circuit court showing two attempts to revive the judgment by him as assignee, and that the court had given two invalid judgments of revival thereon during the interim between its rendition and the institution of the present suit, certainly ought not to preclude his recovery in this case even though such revivals were invalid for the reason they were had in his name instead of in the name of the plaintiff in the judgment or his representatives. The original judgment remained a valid obligation until satisfied or barred by the Statute of Limitations even though there were two invalid attempts to revive it. The suit was not on a judgment rehabilitated by the revival proceedings, and therefore those records may be regarded as surplusage in the case, for they were entirely immaterial to the issue involved. The suit predicates upon a valid judgment against the defendant, properly assigned to the plaintiff. It appearing the judgment remained unpaid and that suit thereon is not barred by the Statute of Limitations, the plaintiff made a prima-facie case and it devolved upon the defendant to make his defense.

The judgment will be reversed and the cause remanded, to be proceeded with in accordance with the views herein expressed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.