*268 Opinion of the Court.
THIS writ of error is brought to reverse a judgment against Chambers, in an action of trover and conversion, brought against him in the circuit court by Thomas.
On the trial in that court, it was proved that the bureau (for the conversion of which this suit was brought) formerly belonged to a certain Robert Spratt, and whilst it was in his possession, it was taken by Thomas, who was the deputy sheriff of a certain Aaron Hall, sheriff of Montgomery, under an execution which issued upon a judgment of the circuit court of Montgomery, in his (Thomas) favor, against the estate of said Spratt; and after exposing the bureau to sale at public auction, Thomas became the purchaser at the sale so made by himself. After this evidence was introduced, and after it was also proved that the bureau was afterwards taken and sold by Chambers, as constable, under an execution directed to him, and which had issued from a magistrate against the estate of said Spratt, the court was asked to instruct the jury, that inasmuch as Thomas was plaintiff in the execution under which he had made the sale of the bureau, he could not, as deputy sheriff, execute said writ of execution ; but the court overruled the application, and instructed the jury, that, as deputy sheriff, Thomas might lawfully execute his own writ, and although he could not lawfully purchase at the sale made by himself, yet he might hold the bureau and make another sale, and that possession in the plaintiff was sufficient to maintain an action against a wrongdoer.
1, We apprehend that the court erred in deciding that Thomas, as a deputy sheriff, might lawfully execute the writ which issued in his own favor. We have not been able to find any adjudged case, where such a question has ever been made; but cases analogous in principle, and a correct and impartial administration *269 of justice, alike forbid the execution of either an original or final process by the plaintiff.
The appointment of a constable for generally, without assigning him any district, is not void.
*269 The principal sheriff is never allowed to execute his own process; and so careful is the law in guarding the interest of the defendant in such cases, that not even the deputy is permitted to execute the process ; but it must go to the coroner, an officer not supposed to be under the influence of the sheriff.
A deputy, it is true, is appointed by the principal sheriff, regularly acts in the name of the principal, and the principal is liable for any improper conduct of the deputy in the exercise of the office. But the recourse which may be had to the principal, may not be adequate to guard the interest of the defendant against the wily acts of an interested deputy. If such recourse were deemed competent, instead of finding a prohibition against the principal sheriff’s executing his own process, we might expect to see a permission for him so to do, and recourse barely given against him for an abuse of his authority; for there is as much probability that a principal sheriff would faithfully execute a process in his own cause, as there is that a deputy would, in a cause in which he is a party ; and for an abuse of the power, in either case, the principal sheriff is under precisely the same liability.
In the further progress of the trial in the circuit court, Chambers introduced as evidence an order from the records of the Montgomery county court, appointing him constable of that county, and showing that in accordance with that appointment, he took the oath and executed the bond required by law ; and after proving that as constable, and in virtue of an execution which issued from a magistrate against the estate of Robert Spratt, he took and sold the bureau, the court, on the motion of Thomas, instructed the jury, that the appointment of Chambers as constable by the county court, was illegal and void, and that he could not justify under the execution in virtue of which he had taken and sold the bureau.
2. The principle upon which the circuit court decided the order of appointment void, is not suggested in the record; but it was intimated in argument, that the order was supposed by that court to be of no effect, in consequence of the appointment of Chambers as cons *270 table having been made for the county, and not for any particular district in the county.
It would, no doubt, have conformed more strictly with the letter of the act under which the appointment was made, for the county court to have divided the county into districts, and in its order of appointment assigned to Chambers a particular district; but the failure so to do, does not, we apprehend, render the appointment an absolute nullity. The order of appointment may be erroneous, but it is not absolutely void. The power of appointing constables is given to the county court, and the directions contained in the law for dividing the county into districts, is barely directory to the court, and if not conformed to, although reprehensible in the court, the appointment should not, in consequence thereof, be held void.
Even after the county has been divided into districts, the constable of any district, although not compellable to serve process out of his district, may nevertheless do it anywhere in the county; and as he may serve process beyond the limits of his district, he must be considered a county officer; consequently, an order appointing him constable of the county, without specifying a district, is not absolutely void.
Judgment reversed.