LALANCE & GROSJEAN MANUF'G CO. *v.* HABERMANN MANUF'G CO.

(Circuit Court, S. D. New York.   January 5, 1893.)

PATENTS FOR INVENTIONS—INTERLOCUTORY DECREE—APPEALS—SUPERSEDEAS.
   Upon an appeal to the circuit court of appeals from an interlocutory decree sustaining a patent, declaring infringement, and granting an injunction, defendant is not entitled to a supersedeas as a matter of right, but the matter rests in the discretion of the circuit court, and the injunction will be stayed only under exceptional circumstances. Societe v. Blount, 51 Fed. Rep. 610, disapproved.

In Equity. Bill by the Lalance & Grosjean Manufacturing Company against the Habermann Manufacturing Company for infringement of a patent. The patent was heretofore sustained, infringement declared, and an injunction granted. See 53 Fed. Rep. 375, 380. The case is now heard on a motion to stay the injunction pending an appeal to the circuit court of appeals, under section 7 of the judiciary act of March 3, 1891. Denied.[1]

Robert N. Kenyon, for the motion.
Arthur v. Briesen, opposed.

COXE, District Judge. This motion presents the situation which usually arises where a patent has been sustained. The defendant asserts that his business will be irreparably injured if he is compelled to stop infringing. The complainant, on the other hand, is equally strenuous in contending that his business will be destroyed if the infringement continues. If the two parties stood on equal footing, the question would be a difficult one. But they do not. The complainant is the owner of a valid patent and the defendant is a tres-

[1]Subsequent to this decision the respondent applied to the supreme court of the United States for leave to file a petition for a writ of mandamus to the circuit judge, requiring him to allow a supersedeas, but that court denied the application, holding, as did the circuit court, that the granting or refusing of a supersedeas was within the discretion of the circuit court, and that the supreme court had no jurisdiction to control that discretion by a writ of mandamus. See 13 Sup. Ct. Rep. 527.

passer. The one is right and the other is wrong. In such circumstances the former is entitled to relief. The rule as enunciated in Societe v. Blount, 51 Fed. Rep. 610, 61 O. G. 1484, is not, as I understand it, the law of this circuit. The injunction has sometimes been suspended here after final hearing, but only in exceptional cases. This is not such a case.

I am convinced that the rights of the public will not suffer and that the defendant's employes will not be disturbed if the usual course is adopted here. The defendant can enamel its goods in any way it sees fit, and the record shows that the ways are numerous, so long as it does not use the patented process. That any injury will result, other than that which generally follows where an injunction overtakes an infringement, I cannot believe. The injury here will not be unusual or exceptional. A bond will offer little or no indemnity. An injunction is the complainant's only available remedy. I think the case should take the ordinary course.

The motion is denied.