THE STATE OF MISSOURI, Respondent, v. S. G. BARKER, Appellant.

Kansas City Court of Appeals, November 18, 1895.

63 535
f81 155

1. **Criminal Costs:** CONTINUANCES: JUDGMENT: EXECUTION. Section 4180, Revised Statutes, 1889, is sufficient authority for the rendition of a judgment for costs against a defendant in a criminal case upon taking a continuance, and for execution on such judgment. And the fact that execution can not issue against the state does not militate against this construction.

2. ———: EXECUTION: INTEREST OF SHERIFF. The sheriff's fees in an execution for criminal costs do not render him incompetent to levy and collect the execution, as the execution is in favor of the state, which has control thereof; and the sheriff executes for a third party and not for himself.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*Burney & Burney* and *Noah M. Givan* for appellant.

(1) There was no judgment for costs at common law. *Hoover v. Railroad*, 115 Mo. 82; *State ex rel. v. Railroad*, 78 Mo. 577; *Thompson v. Elevator Co.*, 77 Mo. 521; *Steele v. Ware*, 54 Mo. 532; *Harrington v. Evans*, 49 Mo. App. 377. (2) In this state the matter

of costs is regulated by statute, which must be strictly construed. There is no remedy for costs except such as is expressly authorized by statute. *In re Green*, 40 Mo. App. 491; *State ex rel. v. Oliver*, 50 Mo. App. 217; s. c., 116 Mo. 188; *Shea v. Railroad*, 67 Mo. 687; *In re Murphy*, 20 Mo. App. 476. (3) A judgment for costs is in favor of a party only to reimburse him for what he has paid out or become liable for. The state not having become liable in any way for the costs taxed up because of the continuances, is not entitled to a judgment or execution therefor. *Beedle v. Mead*, 81 Mo. 309. (4) The only provision of the statute in regard to continuances in criminal cases is section 4180, Revised Statutes, 1889, which provides that it "shall be at the cost of the party at whose instance it is granted." It does not provide for a judgment for costs, or that either party shall recover costs, as in civil cases. (5) A judgment for costs is not a final judgment. 48 Mo. 278; 66 Mo. 671; 81 Mo. 299; 26 Mo. App. 11. (6) A judgment for costs which is not in the nature of a final judgment is not a lien on real estate, even in civil cases. *Bobb v. Graham*, 15 Mo. App. 296; *Adams v. Railroad*, 18 Mo. App. 373; *State to use v. Newton*, 26 Mo. App. 11.

*A. A. Whitsitt* for respondent.

(1) The judgment rendered against defendant for costs of continuances granted upon his application was proper. R. S., sec. 4180; *State v. Brigham*, 63 Mo. 258; *State ex rel. v. Holladay*, 67 Mo. 299; Kelly's Criminal Law and Practice, sec. 1231. (2) The costs having been awarded, it mattered not whether before or upon final judgment, execution was properly issued by the clerk. R. S. 1889, secs. 2946, 4265. (3) All property, real and personal, bound by judgment

R. S. 1889, sec. 4296. (4) The officers of the court are entitled to final process by execution for the collection of costs, as taxed in the fee book in their favor, being collectible on executions. They constitute a lien. *State ex rel. v. Ashbrook*, 40 Mo. App. 68.

ELLISON, J.—Defendant was indicted for the commission of a felony—the crime of seduction. He applied for and obtained two continuances, granted at his costs for which judgments were rendered against him. Afterward the case was dismissed by the state. Afterward, an execution was issued by the order of the prosecuting attorney, at the request of the clerk of the court and witnesses who had costs due them. This execution was levied upon some of defendant's lands and the case is here on an appeal from the judgment of the court overruling a motion to quash the execution. After an examination of the briefs and arguments furnished us by the prosecuting attorney of Cass county and the defendant's counsel, we have concluded to affirm the judgment of the circuit court overruling the · motion to quash.

It is provided by section 4180, Revised Statutes, 1889, relating to criminal procedure: "Continuances may be granted to either party in criminal cases for good cause shown, and the court may postpone the trial of any such cause for good and sufficient reasons, of its own motion. When a continuance is allowed on the application of either party, it shall be at the costs of the party at whose instance it is granted, unless the court otherwise directs." In our opinion, that section is sufficient statutory authority for the rendition of a judgment for costs against a defendant in a criminal case. Sections 4265 and 4395 provide that, upon the *conviction* of a defendant, he shall be adjudged to pay the costs, and that it shall be the duty of the clerk of the

court, at the end of each term, to issue executions for the costs of conviction. It is true that neither of these sections refer in terms to the costs of a continuance, but from that fact we are not authorized to assume the legislature did not intend that an execution should issue on a judgment for costs arising on a continuance. A fair and reasonable construction of section 4180 is that the legislature, by authorizing a continuance at the costs of defendant, meant that there should be a judgment rendered against him and necessarily an execution upon such judgment.

Defendant contends that the section does not authorize a judgment and execution, from the fact that it authorizes the continuance to be granted at the cost of either party, and that an execution can not be issued against the state in instances where the costs were taxed against the state. But the inability to issue an execution against the state arises from general principles, as well as from other portions of the statute, neither having any application to the individual. There is nothing in other portions of the statute to circumscribe the natural meaning or construction of section 4180; as applied to the defendant in the indictment. We do not think that section 4411, or the law as to fees and fee bills contained in Session Acts of 1891, page 138, can be construed in defendant's favor. Section 4411 merely directs the making up of the costs by the clerk, at the close of each term of court, and if the state or county should be liable for any of such costs, to deliver a fee bill therefor to the prosecuting attorney for the county. The law of 1891 fixes the fees due officers and witnesses for certain services, and further provides that the clerk shall issue a fee bill in *civil* cases.

We are furthermore of the opinion that a judgment for costs of a continuance is such a final judgment, as

to the matter of costs, as will authorize the issuance and levy of an execution for such costs.

Defendant, by a supplemental brief, has attacked the validity of the execution and levy, on the ground that it is issued to the sheriff, who is largely interested in the writ in that a large part of the costs for which the writ was issued are due to the sheriff himself. Defendant, as we understand his position, does not contend that a sheriff can not ordinarily levy an execution wherein he may have an interest which is a mere incident to the proceeding; but that where the judgment and execution are for costs only, such costs being principally due the sheriff, he can not legally execute the writ. It is undoubtedly true that no one can sit in judgment on his own case, nor where he is interested, and that an officer can not either by statute or common law execute process to which he is a party, or in which he has a substantial interest. The temptation for wrong and oppression is such that no inquiry will be made as to whether the process was used unfairly or oppressively, but the law, recognizing the weakness of human nature and its tendency to selfish interest, absolutely cuts off the opportunity for wrongdoing in this respect. Thus it was held in *Collins v. McLeod*, 8 Ired. 221, that a sale by a sheriff under an execution issued on a judgment in the sheriff's favor was void. And in *Chambers v. Thomas*, 1 Litt. 268, it was held that a deputy sheriff could not legally execute a *fieri facias* which issued in his own name and for his own benefit. But such consideration is not really in this case. Here the execution is in the name of the state, as plaintiff, and under the law, as laid down by the supreme court, the plaintiff in a judgment recovers the costs and has control of the costs, the judgment and execution, notwithstanding the court officers and witnesses may be the beneficiaries. *Hoover v. Railroad*, 115 Mo. 77.

The execution in this case could only be issued upon the order, or with the consent of the state. The state would control the execution of the writ in the hands of the officer, without regard to the resulting interest the officer might have in it. The state, as plaintiff, could control the levy and sale and all proceedings thereunder. The sheriff in this case was executing the writ for a third party and not for himself.

Upon the whole case presented, we are satisfied with the action of the trial court and hence affirm the judgment. All concur.