JOHN D. CRANOR, Respondent, v. SCHOOL DISTRICT, Appellant.

**Kansas City Court of Appeals, April 5, 1897.*** 

1. **Limitation:** CHANGING PERIOD. The legislature may shorten the period of limitation even though right of action has accrued after the date of the enactment, but a reasonable period must be allowed within which the action may be brought.

2. ———: JUDGMENT ACT OF 1895: GENERAL STATUTE. The Act of 1895 reducing the limitation of judgments to ten years does not apply to rights of actions existing on judgments prior to its passage since section 6797, Revised Statutes, 1889, makes provision to that effect.

3. ———: GENERAL STATUTES: SUBSTITUTION OF MEW SECTION· The act of 1895 amending the limitation chapter of the general statutes is in lieu of section 6796 and therefore is subject to the provisions of section 6797.

4. **Judgment:** SUIT ON: RECOVERY OF COSTS. In an action on a judgment it is proper that the plaintiff recover the cost shown by the original judgment as a part thereof.

Appeal from the Gentry Circuit Court.—*Hon. C. A. Anthony*, Judge.

CERTIFIED TO SUPREME COURT.

*McCullough & Peery* for appellant.

ELLISON, J.—This action was on a judgment obtained by plaintiff against defendant on the twentieth day of March, 1882. The suit was begun more than ten years thereafter, to wit, on January 13, 1896. Judgment below was for plaintiff.

Defendant interposed the statute of limitations as a bar to plaintiff's action. When the original judgment was rendered the limitation prescribed for an action on such judg-

*This case reached the reporter January 23, 1900, without briefs, since they had been sent to the supreme court. See 52 S. W. Rep., 232.

ment was twenty years. Sec. 3251, R. S., 1879, and sec. 6796, R. S. 1889. But when this suit was begun on the judgment the period of limitation was fixed at ten years by the following enactment, Laws 1895, 221, viz: "Every judgment, order and decree of any court of record of the United States, of this or any other state or territory, shall be presumed to be paid and satisfied after the expiration of ten years from the day of the rendition of such judgment, or order, or decree, or in case a payment has been made thereon, and duly entered upon the record thereof, after the expiration of ten years from the day of the last payment so made; and after the expiration of ten years from the day of the rendition, or from the day of the last payment, no execution, order or process shall issue thereon, and neither shall any suit be brought thereon to collect the amount of the same as a debt."

The question is whether the action is barred. It is unquestionably the law that the legislature may shorten the period of limitation on causes of action even though they have already accrued at the date of the enactment. But in so doing, a reasonable period after the enactment must be allowed by the act within which the action may be brought. Stephens v. Bank, 43 Mo. 385.

It will be noticed that the act of 1895 does not allow any period for bringing actions already accrued. So that if the statute be construed literally, a judgment which had been rendered and on which an action might have been brought for a period lacking a day of being ten years, there would be but a single day in which to institute suit. Or if a judgment had been rendered more than ten years at the date of the statute, no action could be brought on it at all. Evidently the reason why no provision was made in the new enactment altering the period of limitation, was from the fact that the limitation statute (section 6797) made it unnecessary. It provides: "The provisions of this chapter shall not apply to any actions commenced nor to any cases where the right of action

or of entry shall have accrued before the time when this chapter takes effect, but the same shall remain subject to the laws then in force." The law in force at the time the action in hand accrued was, as before stated, the twenty year period. So that it is clear, under the terms of the statute itself, the present action was not barred. See Neilson v. County of Chariton, 60 Mo. 386.

But since the act here was passed subsequent to the enactment of the chapter on limitations, it may be suggested that the section last quoted does not apply. That is to say, it may be thought the section quoted only applied to actions which had accrued (in the language of the section) when the chapter took effect. But as the enactment of the law of 1895, was amendatory of the limitation chapter of the general statutes, the section in the act of 1895, by the terms of the act, was "enacted in lieu thereof." This made of the new section a part of the chapter and subjected it to the provisions of section 6797, above set out.

The next point in the case relates to the action of the court in giving the plaintiff judgment for the costs which had accrued and for which there was a provision for plaintiff's recovery in the usual form, in the original judgment. In this we think the court did not commit error. The costs were incorporated in and were made a part of the judgment sued upon. They were properly so made. Hoover v. Railway, 115 Mo. 77. No other person than the plaintiff could have had judgment for the costs in that action and no other person could recover the costs in a suit on the judgment. So to hold that plaintiff has no right now to recover such costs as a part of the judgment, would be to hold that they could not be recovered at all. In theory the costs which the prevailing party recovers is for money paid out by him. It is at least for money which he has become liable for. By force of statute, witnesses and officers may have a fee bill for their fees, but this does not affect the general proposition that the

prevailing party is entit'ed to recover a judgment for the costs and that in an action on such judgment he may recover such costs, together with the principal sum.

This disposition of the question is supported by the rules announced in Hoover v. Railway, *supra,* and State v. Barker, 63 Mo. App. 535, and the fact that that portion of the present judgment which is for the costs in the original judgment will be due to witnesses and officers and will be paid out to them as is the ordinary practice can not affect the general question passed upon.

The judgment is affirmed.　All concur.

Our conclusion on the question of costs being in conflict with Meyer v. Mehrhoff, 19 Mo. App. 682, the cause will be certified to the supreme court.