### SCHROEDER *v.* BOYCE.

1. JUDGMENTS—AMOUNT—CERTAINTY—COSTS.
   Where a judgment was rendered for a stated amount, "with costs and charges herein expended, taxed at —— dollars and —— cents," and the costs were thereafter taxed, the judgment was not uncertain in amount, so as to prevent suit thereon, since the costs became part of the judgment when taxed.

2. FOREIGN JUDGMENTS—INTEREST—PROOF.
   The common law is presumed to prevail in another State, unless the contrary is shown; and, as judgments do not carry interest at common law, interest is not recoverable in an action on a judgment rendered in another State, in the absence of proof that the laws of such State allow interest on judgments.[1]

Case made from Bay; Maxwell, J. Submitted March 5, 1901. Decided June 4, 1901.

*Assumpsit* by William Schroeder against Jonathan Boyce upon a foreign judgment. There was a judgment for plaintiff, and defendant assigns error. Reversed.

[1] See note at end of case.

127 MICH.—3.

*Simonson, Gillett & Clark*, for appellant.

*E. A. Cooley*, for appellee.

LONG, J.   This action was brought in the circuit court upon a judgment rendered in the La Porte superior court, State of Indiana.   The judgment is set forth in the record. It appears from the copy of the judgment entry produced on the trial that, after the recitation of the fact that a motion was made for judgment on special verdict of a jury, the court made the following decree:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, William Schroeder, recover of and from the defendant, Jonathan Boyce, said sum of $1,079.-00, subject to relief, together with his costs and charges herein expended, taxed at —— dollars and —— cents."

The proper certificates were attached to the copy of the judgment entry, made by the clerk of that court under the seal of the court; also a certificate of the judge of the court certifying that Mr. McClung was the clerk of the court, and that his signature to the certificate was genuine; and also the further certificate of the clerk that Harry B. Tuthill, who signed the certificate, was the sole judge of the superior court of La Porte county, Ind.   There was also attached an itemized bill of costs, amounting to $179.75, with a certificate of the clerk that it was a true statement of the costs which had accrued in the cause. No objection was made in the present cause to the introduction in evidence of the tax bill of costs.   On the trial, however, defendant's counsel objected to the transcript of judgment being introduced in evidence, for the reasons:

1. That it did not appear that judgment had ever been rendered on the verdict of a jury.

2. That the certificates attached to the transcript state that the judge of the court is the sole judge, and do not state that he is the acting or presiding magistrate or chief justice, as required by statute in order to entitle the record to be received in evidence.

3. That what is claimed to be a judgment rendered on a verdict showed that the amount of costs to be taxed was

left blank, so that, in case an execution should issue, it would be impossible to tell for what amount the same should be issued.

These objections were overruled, and exceptions taken. The record also shows that no evidence was introduced as to what rate of interest the judgment bore, or what the legal rate of interest was in Indiana, and no evidence of the date of the taxation of costs. The court below entered judgment for plaintiff for the amount of the Indiana judgment and costs as taxed, with interest on both at the rate of 5 per cent. per annum from the date of entry of judgment. Defendant assigns error.

But two questions are presented by counsel for defendant in their brief which need be considered:

1. It is claimed that the judgment is uncertain in amount, as it does not state the amount of the costs to be recovered. This has no force. It is apparent on the face of the judgment that it was the intention of the court that plaintiff should recover against the defendant $1,079, together with his costs and charges therein expended. These costs, it is admitted, were thereafter taxed at $179.75. These costs became a part of the judgment when taxed. Whether the amount of costs was fixed at the time of the entry of the judgment or thereafter is immaterial. Whatever legal costs were made and taxed became a part of the judgment.

2. It is claimed that the court erred in allowing interest on the judgment and costs at 5 per cent. There was no proof given in the case showing what the rate of interest is in the State of Indiana. As the common law is presumed to be in force in other States unless the contrary is shown, and at common law judgments do not carry interest, interest is not recoverable on a judgment rendered by the courts of another State without proof that the law of such State allows interest on judgments. 16 Am. & Eng. Enc. Law (2d Ed.), 1095, note 3; *Thompson* v. *Monrow*, 2 Cal. 99 (56 Am. Dec. 318). In *Cavender* v. *Guild*, 4 Cal. 253, it was held that what the rate of interest was in

another State, and whether judgments of other States bore interest, were matters of fact to be proved, and could not be judicially noticed. The rule was recognized in *Kermott* v. *Ayer*, 11 Mich. 181. We think, therefore, the court was in error in allowing interest on the judgment or costs.[1]

Judgment below must be reversed, and new trial ordered.

The other Justices concurred.

---

[1] Subsequently, on plaintiff's motion, based on 1 Comp. Laws, § 211, plaintiff was permitted to introduce proof in the Supreme Court as to the rate of interest borne by the judgment sued on under the statute of Indiana; and, it appearing that such rate was 6 per cent., the judgment below was affirmed.—REPORTER.