State ex rel. v. Berger.

STATE ex rel. ANTON LEUTERT, Respondents, v. OTTO
BERGER et al., Appellants.

**St. Louis Court of Appeals, February 25, 1902.**

1. **Practice, Appellate:** TRANSCRIPT OF RECORD IMPORTS VERITY: PRACTICE, TRIAL. The appellate court is bound by the transcript of the record of the trial court and must and will assume that it speaks the truth in regard to the proceedings in the court below until it is corrected, if erroneous, in a proper mode.

2. ———: ———: EX PARTE AFFIDAVIT WILL NOT BE CONSIDERED SUFFICIENT TO SET ASIDE JUDGMENT. And an appellate court will not disregard the transcript of the clerk of the circuit court showing a final judgment in the cause, on a mere ex parte affidavit contained in an abstract of the record to the effect that none was entered.

3. **Action on Curator's Bond, When Can Be Maintained.** A compliance with the provisions of section 3533, Revised Statutes 1899, is not a condition precedent to the maintenance of an action on a deceased curator's bond by his successor for a breach of the bond.

4. **Action on Curator's Bond:** STATUTORY CONSTRUCTION. Section 3533, Revised Statutes 1899, has nothing to do with the remedy on a curator's bond for breaches, but merely empowers the representative of a deceased curator, into whose hands have come funds belonging to a minor's estate which his decedent held, to account for and deliver the same to the new curator as a convenient mode of transferring the fiduciary assets to the succeeding trustee.

5. **Curator's Bond:** BREACH OF. In the case at bar, the deceased curator received money belonging to his ward and no account was ever rendered of it; that constituted a clear breach of his bond for which his sureties were answerable.

6. **Practice, Trial:** SETTLEMENT OF CURATORS. A settlement by the administrator of a deceased curator of minors with the successor of a deceased curator, does not conclude the sureties of said curator in an action by the successor of the curator against his bondsmen.

7. ———: PETITION IN ACTION ON CURATOR'S BOND, SUF-
FICIENCY OF. In the case at bar, the petition states a cause
of action which is good against a general demurrer. (State ex rel.
v. Carroll, 63 Mo. 156.)

Appeal from Butler Circuit Court.—*Hon. J. L. Fort*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This case came here on an appeal from a judgment on a demurrer to the plaintiff's petition, which petition is as follows:

"Plaintiff states that he was, on the twenty-fourth day of January, 1899, appointed curator of George J. Staggs and Louisa Staggs, minors, by the probate court of Butler county, in the State of Missouri, and duly qualified as such, and entered upon the discharge of his duties as such, and that he is now the curator of said minors.

"Plaintiff further states, that on May 12, 1897, the probate court appointed as the guardian of the person and estate of said George J. Staggs and Louisa Staggs, one J. W. Staggs, who duly qualified as such guardian, and who made, executed and delivered to the probate court of said Butler county his bond to the State of Missouri, as such guardian, in the sum of fifteen hundred dollars, conditioned that he should faithfully discharge his duties as said guardian and curator according to law; and defendants Otto Berger, Frank Leutert and William Cordes signed said bond as securities, and became and are bound for the faithful performance of said bond on the part of said J. W. Staggs, a certified copy of which said bond is hereto attached and made a part of this petition, plaintiff being unable to file the original, as it is of the records of the probate court of said county.

"Plaintiff says that the said J. W. Staggs did not faithfully discharge his duties as said guardian and curator of said minors, George J. Staggs and Louisa Staggs, according to law;

and as breach of said bond the plaintiff alleges that on the twenty-fourth day of August, 1897, the said J. W. Staggs took into his possession and control, as the guardian and curator of said minors, the sum of one hundred and fifty dollars, the money belonging to said minors; and that on the eleventh day of May, 1898, the said J. W. Staggs, as guardian and curator aforesaid, took into his possession and control the further sum of six hundred and sixty-nine dollars and seventy-five cents; that said Staggs has never accounted to said minors for said sum of money, nor the interest thereon, but wholly failed and neglected so to do.   And plaintiff further says that defendants herein, although demand thereof has been made upon them, have failed, neglected and refused to pay said sums of money and that the same and the interest thereon is due. Plaintiff says that the said J. W. Staggs departed this life on the  . . .  of  . . .  1898.   Plaintiff therefore prays judgment in the amount of said bond, to be satisfied with the payment of the sum of $846.60 and interest from May 11, 1898."

The demurrer to this petition was overruled, a trial had, as the record shows, and judgment entered for the plaintiff as follows:

"Now on this day, to-wit, the twenty-fifth day of June, the same being the twentieth day of the June term, A. D. 1901, of the circuit court of Butler county, Missouri, and this cause coming on to be heard, and both plaintiff and defendants appearing by their respective attorneys and both plaintiff and defendants announcing ready for trial in said cause, and a jury being waived, this cause is taken up by the court; and after hearing the reading of the pleadings of both plaintiff and defendants, and the evidence and proof offered, and the court being fully advised of and concerning the premises, doth find:

"First.   That plaintiff was, on the twenty-fourth day of January, 1899, duly appointed, and is now, the duly qualified and acting curator of George J. Staggs and Louisa Staggs.

"Second.  That on May 12, 1897, J. W. Staggs was duly appointed guardian and curator of said George J. Staggs and Louisa Staggs, and on the date last above mentioned, executed and delivered his bond as such guardian and curator unto the State of Missouri, conditioned for the faithful discharge and performance of such duties as such guardian and curator according to law, and further finds that defendants, Otto Berger, Frank Leutert and William Cordes, signed and sealed said bond as securities for the faithful performance of the duties on the part of said J. W. Staggs, as curator as aforesaid, but that the plaintiff has dismissed his cause as to Wm. Cordes.

"Third.  That said J. W. Staggs as curator of said George J. Staggs and Louisa Staggs, minors, as aforesaid, on twenty-fourth day of August, 1897, received and took into his possession the sum of one hundred and fifty dollars, the same being the money of said minors.  That on the eleventh day of May, 1898, the said J. W. Staggs, guardian and curator as aforesaid, took into his possession and control, the sum of six hundred and sixty-nine dollars and seventy-five cents, the money of the said George J. Staggs and Louisa Staggs, minors, as aforesaid.

"And the court doth further find, that said J. W. Staggs, guardian and curator as aforesaid, has wholly failed, declined and refused to account to said minors, George J. and Louisa Staggs, or to their guardian and curator, or to any one authorized to receive the said sum so received by him, as aforesaid, but appropriated and applied the same to his own use, behoof and benefit, and the court doth further find, that said sum amounting in the aggregate to the sum of eleven hundred and fourteen dollars and twenty cents is now due.

"Wherefore, it is considered, ordered and adjudged by the court that plaintiff, the relator herein, have and recover of the defendants Otto Berger and Frank Leutert, judgment for the sum of fifteen hundred dollars, the penal sum of said bond executed by defendants, and that the relator, plaintiff

herein, have execution for the sum of eleven hundred and fourteen dollars and twenty-cents, together with interest thereon at the rate of eight per cent per annum, compounded annually, together with his costs and charges in this behalf expended, and have therefor execution."

*Frank D. Gebhardt* and *E. R. Lentz* for appellants.

(1) The law presumes that every person occupying fiduciary relations will honestly and faithfully discharge all the duties of that relation. In this case the petition alleges that J. W. Staggs, the former curator of these minors, died in 1898. The law presumes that he performed his duties as guardian and curator of said minors, and that he had in or under his control all the money or property belonging to said minors at the time of his death. The law made it the duty of his administrator, or legal representative, to make settlement with his successor, and deliver all money or property belonging to the ward of his decedent to his successor. R. S. 1899, sec. 3533; State ex rel. v. Bank, 120 Mo. 161; State v. Martin, 103 Mo. 508; Leonard v. Sparks, 117 Mo. 103; Baker v. Underwood, 63 Mo. 384; State v. Lord, 118 Mo. 1; Mathias v. O'Neal, 94 Mo. 520. (2) These defendants are entitled to the benefit of the presumption that J. W. Staggs, the former guardian, performed all of his official duties. The facts alleged in this petition do not negative this presumption. Cargille v. Wood, 63 Mo. 501; Deil v. Steyner, 56 Mo. App. 535. The record discloses, that the judgment rendered in this cause is greatly in excess of any amount for which the court could have rendered judgment, under the allegations of the petition, and the judgment should be reversed for that reason. Black on Judgments, sec. 138; Ibid, sec. 267. (3) The court had no power or authority to provide in said judgment that the judgment bear interest at the rate of eight per cent compound interest. R. S. 1899, sec. 3705.

*John G. Wear* for respondent.

GOODE, J.—The appellants' abstract of the record contains an affidavit by one Frank D. Gebhardt, tending to prove that in fact no judgment was entered in this cause, but that one of the attorneys for the plaintiff wrote up a memorandum of a judgment and gave it to the clerk, who entered it without it being seen or approved by the judge of the court, and this is assigned for error.

Counsel certainly do not expect us to disregard the transcript of the clerk of the circuit court showing a final judgment in the cause, on a mere ex parte affidavit contained in an abstract of the record to the effect that none was entered. If the case was not decided by the circuit court and no judgment was ordered to be entered, the unauthorized entry of one by the clerk on the record would have to be vacated or set aside by a proper application to, or proceeding in, the court on whose record the wrongful entry was made. This court is bound by the transcript and must and will assume that it speaks the truth in regard to the proceedings in the court below, until it is corrected, if erroneous, in a proper mode. State v. Blunt, 110 Mo. 322.

If we understand appellant's argument against the sufficiency of the petition, it is that the law presumes generally that guardians and curators, as well as every one else, perform their duties, and that, therefore, a presumption arises that if J. W. Staggs, the first guardian and curator, had in his hands money belonging to his wards at the time of his death, his personal representative afterwards accounted for said money to whomsoever was entitled to receive it, which presumption should have been negatived by an averment in the petition; and the point is also made in this connection, that there was no liability on the bond until the deceased curator's administrator had made a settlement with the plaintiff who succeeded him. These two positions are based on a statute which provides that

in case of the death of a guardian or curator, his administrator
or legal representative shall make settlement with his suc-
cessor and deliver the property and money belonging to the
minor to such successor (R. S. 1899, sec. 3533), and the argu-
ment is that it must be taken for granted the statutory course
was followed in this case in the absence of an averment to the
contrary. A compliance with that statute is not and could
not rationally be a condition precedent to the maintenance
of an action on a deceased curator's bond by his successor for
a breach; for if it is fully complied with, there can be no
occasion for an action on the bond, since the deceased trustee's
representative will have delivered to the successor everything
for which the decedent was answerable. What appellants
mean, likely, is, that the plaintiff should have alleged a demand
of Staggs's administrator that he settle with plaintiff and turn
over to him the money of the minors which Staggs received
and have also alleged that the administrator made a settlement
which showed no such fund had come into his hands. But
this would be requiring too much; there may be no adminis-
tration of the estate of a defaulting curator—no representative
appointed. We do not know there was one appointed for
Staggs' estate; and it is surely not obligatory on the successor
in such cases to have an administrator appointed and, make
settlement with him before the successor can sue the first
curator's sureties; for no statute prescribes such a course. The
section cited above has nothing to do with the remedy on the
bond for breaches, but merely empowers the representative
of a deceased curator, into whose hands have come funds be-
longing to a minor's estate which his decedent held, to account
for and deliver the same to the new curator as a convenient
mode of transferring the fiduciary assets to the succeeding
trustee. It does not purport to be the basis for an action on
the decedent's bond as curator, and such is our understanding,
not only of the statute, but of its construction in the case of
Cohen v. Atkins, 73 Mo. 163. Appellants' two positions are

in truth inconsistent and show a confusion of ideas. They contend that the petition states no cause of action because it fails to aver a settlement was not had between respondent and Staggs' representative; and also contend it fails to state a cause of action in not alleging in effect that a settlement was had, it being indispensable, they say, to respondent's right to sue.

If the deceased received money belonging to his ward and no account was ever rendered of it, that constituted a clear breach of his bond for which the sureties were answerable. Why first settle with his administrator, granting there was one? That settlement would not conclude the sureties as the final settlement of an administrator does his sureties.  State to use v. Martin, 18 Mo. App. 468.  If Staggs' administrator had in fact paid the money sued for in this action to the plaintiff, defendants should have answered to that effect.

It is true, the law presumes in favor of honest conduct and the discharge of duty; but we think the allegations of the petition are sufficient to negative the theory that the money received by Staggs as curator has been honestly accounted for either by himself or any one else, to the minors or any one for them, even allowing that such facts must be shown by the petition.

It will be observed that the judgment contains a recital that the court found the first curator had wholly failed, declined and refused to account to the minors or their guardian or curator, or any one authorized to receive the money belonging to them, but had appropriated and applied the same to his own use.  As according to the judgment entry there was testimony adduced, there must have been sufficient proof to satisfy the court that the allegation in the petition of a failure on the part of Staggs to account (and which we rule to be a good allegation of a failure to account to any one for the minors) was established.

It is contended the petition is fatally defective in charg-

ing that Staggs had not accounted to the minors, whereas he was bound to account not to them but to his successor. That argument is too technical. It would do violence to reason to assume, in this action by the succeeding curator, that the allegation that no settlement had been made with the minors left room for a legitimate inference that plaintiff had himself been paid. The only rational import of the averment is that there had been a failure to pay the money to the minors in the only way it could lawfully be paid to them; namely, to the person entitled to receive it for them—that is, to the plaintiff. Our conclusion is that the petition stated a cause of action which is good against a general demurrer. State ex rel. v. Carroll, 63 Mo. 156.

It seems the court erroneously compounded the interest, which made the judgment excessive, and the true amount for which it should have been entered was nine hundred and seventy-two dollars and five cents. Respondent has offered to remit all in excess of said last-named sum, so the judgment of the court below is modified by reducing it from the sum of eleven hundred and fourteen dollars and twenty cents to the sum of nine hundred and seventy-two dollars and five cents, and with that modification it is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.