TIMOLAT et al. v. PHILADELPHIA PNEUMATIC TOOL CO.

(Circuit Court, S. D. New York. May 31, 1904.)

1. SUPERSEDEAS—DISCRETION.

The power to grant a supersedeas is discretionary, to be exercised only where it is manifest that extraordinary reasons justify it.

2. PATENTS—INFRINGEMENT—APPEAL—SUPERSEDEAS.

Where, in a suit for infringement of a patent, complainants, having succeeded on all the proofs in establishing the merits of their bill, were entitled to an interlocutory judgment, and it also appeared that before a hearing could be had on an appeal the patent would have expired, a supersedeas would not be granted.

In Equity.

Hillary C. Messimer (John R. Bennett, of counsel), for complainant.

D. Frank Lloyd (E. Hayward Fairbanks and Hector T. Fenton, of counsel), for defendant.

HAZEL, District Judge. The supersedeas heretofore allowed upon the ex parte application of the defendant must be vacated. The

complainants having succeeded, upon all the proofs, in establishing the merits of their bill, an interlocutory judgment to preserve to them the rights of their patented invention during the short remainder of its existence is bound to issue as of course. Section 7 of the Circuit Court of Appeals act of 1891 (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 550]) is declarative of the right to an appeal from an interlocutory decree granting or continuing an injunction, and vesting power in the Circuit Court to stay the proceedings during the pendency of such appeal. The power to grant a supersedeas is discretionary. In re Haberman Manufacturing Co., 147 U. S. 525, 13 Sup. Ct. 527, 37 L. Ed. 266; Eq. Rule 93. Such discretion, however, should be cautiously exercised, and only where it is manifest that there are extraordinary reasons to justify it. If we assume it to be true that grave doubt exists as to the validity of complainants' patent, which the appellate tribunal should pass upon, it nevertheless does not appear that there are sound reasons for withholding the relief to which the complainants are entitled by the decree made at final hearing upon the question of injunctive relief. Cause is shown for denying the request to hold the injunction in abeyance. It appears that no hearing of the appeal can be had until after the expiration of the patent. It is therefore exceedingly doubtful whether the Circuit Court of Appeals will then listen to the appeal, the right of injunction having expired by operation of law. National Folding Box & Paper Co. v. Robertson et al., 104 Fed. 552, 44 C. C. A. 29; Thomson-Houston Electric Co. v. Nassau Electric Co., 119 Fed. 354, 56 C. C. A. 96; Gamewell Fire-Alarm Tel. Co. v. Municipal Signal Co., 61 Fed. 208, 9 C. C. A. 450; Lockwood v. Wickes, 75 Fed. 118, 21 C. C. A. 257.

The point is made that, because the appeal assigns errors which go to the entire relief, the Circuit Court of Appeals will examine into the merits of the case for the purpose of determining whether an account shall be taken. It was expressly held to the contrary in National Folding Box & Paper Co. v. Robertson, supra. It was there stated that, in view of the expiration of the patent, the interlocutory injunction appealed from terminated, and hence there was "nothing remaining for a judgment of this court to act upon." The point was further expressly negatived in Thomson-Houston Electric Co. v. Nassau Electric Co., supra. There it was stated that an appeal from an interlocutory decree lies only to that part of the decree which grants an injunction.

These observations constrain me to vacate the previous order of this court granting a supersedeas and refusing the defendant's request. So ordered.