KYSAR & DOWNS, Respondents, v. PHILIP R. GROWNEY et al., Appellants.

### Kansas City Court of Appeals, November 6, 1905.

**COSTS: Bond: Pleading: Statute.** The statute allows the prevailing party to recover costs, and it means the costs incident to the suit, and the judgment therefor is as much his as the judgment for any other sum, and the petition summarized in the opinion is held sufficient.

Appeal from Nodaway Circuit Court.—*Hon. Alonzo D. Burnes,* Acting Judge.

AFFIRMED.

*Alvin Bingaman* and *P. L. Growney* for appellants.

(1) The petition does not state a cause of action in favor of plaintiffs and against defendants. Although the petition does allege that the bond for cost in question was filed "to secure plaintiffs as defendants in said suit for all costs that had accrued or might accrue in said cause and which should be adjudged against plaintiff. The unsuccessful party may have paid his costs step by step as was the common law rule, and if not he is liable to the beneficiaries of the cost and the other party has no interest, right or claim to such cost or to collect them. Section 1543, R. S. 1899. (2) These witnesses and others were paid by George W. Stump, but if respondents are entitled to judgment against appellants for costs as pleaded, such payments, even if made by the sureties, could not be interposed to plaintiffs' action, not if the petition states a cause of action. Garrett v.

Cramer, 14 Mo. App. 401; Trail v. Somerville, 22 Mo. App. 308; State ex rel. Dale v. Ashbrook, 40 Mo. App. 64; Davis v. Lipschitz, 96 Mo. App. 587; State ex rel. Fulkerson v. Emerson, 74 Mo. App. 610; Beadle v. Meade, 81 Mo. 309.

*W. W. Ramsay, W. A. Blagg* and *T. A. Cummins* for respondents.

(1)    The respondents prevailed in the suit in the circuit court in which George W. Stump was plaintiff and appellants were sureties on his cost bond, and respondents had the right to have judgment rendered against the sureties on the bond. R. S. 1899, sec. 1547, Hamilton v. Moody, 21 Mo. 79.    (2)    Should, however, judgment for costs against the sureties be omitted, the defendant may sue the surety directly on his undertaking.    Davis v. Farmer, 28 Mo. 54; McCartney Adm'r v. Alderson, 49 Mo. 456; Schawacker v. McLaughlin, 139 Mo. 333.    (3)    Where the statute (sec. 1547, R. S. 1899) says that the party prevailing shall recover his costs, it means the costs incident to the suit, and the judgment therefor is as much his as the judgment for any sum that may be rendered in his favor on the merits of the case.    Cranor v. School District, 151 Mo. 128.

BROADDUS, P. J.—This is a suit on a bond for costs.    The petition recites that on the 9th day of October, 1901, one George W. Stump began a suit in the Nodaway Circuit Court against the plaintiffs herein as defendants; that, afterwards, he was required to give a bond for security of costs in the case; that he gave such bond with the defendants herein as his sureties, wherein they undertook to secure plaintiffs herein, as such defendants, in said suit for all costs that had accrued or might accrue in said cause and which might be adjudged against plaintiff therein.    The petition further recites that the cause, after one continuance, was

tried on June 25, 1902, which resulted in a verdict and judgment for the defendants, these plaintiffs, for one dollar damages and for all costs that had accrued in the case, to-wit, the sum of $125.35. Plaintiffs allege that "said judgment for said damages and costs in their behalf is final, and still in force and effect; but no part of the same has been paid." Their prayer is for the amount of the judgment for costs. The defendants herein filed a demurrer to said petition, which was overruled, whereupon they filed their answer consisting of a general denial. The trial resulted in a judgment for plaintiffs, from which defendant appealed. On the trial, the judgment and bill of costs were introduced, which included the fees of the clerk, sheriff, stenographer, witnesses, etc., in the aggregate amounting to the sum of $125.

It is insisted by defendants that the petition does not state a cause of action. But, under the ruling of Cranor v. School District, 151 Mo. 119 and the same case in the 81 Mo. App. 152, we think the petition is sufficient. In that case, it is held: "Where the statute says that 'the party prevailing shall recover costs,' it means the costs incident to the suit and judgment therefor is as much his as the judgment for any other sum that may be awarded in his favor." As we understand the ruling, plaintiff is entitled to a judgment for all costs which he has made, which, by a fiction of law, is treated as laid out and expended or, in other words, as paid. The defendants, having executed the bond for costs, became liable therefor, and plaintiffs here were entitled to a judgment against them when the former case was determined. [Schawacker v. McLaughlin, 139 Mo. 333; Cranor v. School District, 81 Mo. App. 152.] There were some costs included in the judgment that did not go to these plaintiffs, but, as they are not put in issue by the pleadings, cannot be inquired into by us.

Judgment affirmed. All concur.