STATE OF MISSOURI, Respondent, v. B. LEMCKE
et al., Defendants; G. DEIERLING, Appellant.

Kansas City Court of Appeals, April 2, 1906.

EXECUTION: Criminal Costs: When Quashed.    When the costs
in a criminal proceeding are taxed by the justice against the
prosecuting witness and later on transcript being filed in the
office of the circuit clerk, the latter, without direction of a
proper representative of the State, issues an execution thereon,
it should be quashed.

Appeal from Putnam Circuit Court.—*Hon. George W.
Wannemaker,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fogle & Saxbury* and *N. A. Franklin* for complainant and appellant.

(1)    Officers of the court and witnesses are not entitled to execution to collect their fees, they can only have a fee bill, and execution is the remedy belonging to the parties to the suit alone.    Beedle v. Mead, 81 Mo. 297; Hoover v. Railway, 115 Mo. 77; Cranor v. School Dist., 151 Mo. 127; Donham v. Hoover, 131 Mo. 522; Aurora ex rel. v. Lindsey, 146 Mo. 522.    (2)    The statute expressly provides that fees must be collected by a fee bill and the expression of the statute is exclusive of every other remedy, because fees are governed entirely by statute.    R. S. 1899, sec. 3236; State ex rel. v. McCracken, 60 Mo. App. 650; Shed v. Railroad, 67 Mo. 690; Gammon v. Lafayette County, 76 Mo. 675; Williams v. Chariton County, 85 Mo. 645; Ford v. Railroad, 29 Mo. App. 616.    (3)    The rule in construction of statutes in reference to costs is, that they must be construed strictly. Shed v. Railroad, 67 Mo. 690; Ford v. Railroad, 29 Mo. App. 616; Veidt v. Railroad, 109 Mo. App. 102.    (4)    Be-

fore the clerk is entitled to tax per diem and mileage of witnesses the latter must make oath to the truth of the entry made in the fee book.   Veidt v. Railroad, 109 Mo. App. 102, 82 S. W. 1122; R. S. 1899, sec. 3260.

*George James* for respondent.

No briefs filed.

ELLISON, J.—The appellant, Deierling, made affidavit charging defendants with threatening to shoot him. A justice of the peace in Putnam county issued his warrant for their arrest.   They were arrested and taken before the justice, when they asked and obtained a change of venue to another justice.   When the cause was called before the latter, it was dismissed by the State and judgment rendered against Deierling for all costs. Afterwards, execution was issued by the justice of his own motion.   It was returned by the constable *nulla bona*.   Afterwards, a transcript of the judgment was taken and filed with the circuit clerk of Putnam county. Sometime afterwards the clerk, of his own motion, without an order from the State's attorney, so far as appears by the record, issued an execution directed to the sheriff of Schuyler county where Deierling resided.   The latter then filed his motion in the Putnam Circuit Court to quash the execution; which being overruled, he appealed.

The judgment and execution were in favor of the State and were for costs only.   The execution was not issued by any proper representative of the State, as it should have been.   Deierling's motion to quash should therefore have been sustained.   [Hoover v. Railway, 115 Mo. 77; Beedle v. Mead, 81 Mo. 297; Cranor v. School Dist., 151 Mo. 119; Cranor v. School Dist., 81 Mo. App. 152; State v. Barker, 63 Mo. App. 535.]

The judgment is reversed and cause remanded with directions to quash the execution.   All concur.