ALICE TIEDE, Appellant, v. O. C. FUHR, et al., Respondents.

Springfield Court of Appeals, May 25, 1921.

1. **COURTS: Record Showing Regular Appeal, Cannot be Impeached by Court's Recollection.** The record, showing that an appeal was in all things regular, cannot, on subsequent motion in trial court as to costs, be impeached by recollection of trial court, as the record imports absolute verity, and such a showing not being different from proving the facts by oral evidence.

2. **COSTS: When Remedy for Collection is Limited to Cost Bill Instead of Execution Stated.** Rule that the clerk cannot lawfully issue an execution for costs, but is limited to issuing a fee bill, obtains only where execution is issued at instance of another than a party in whose favor judgment was rendered.

3. **APPEAL AND ERROR:** Presumption in Favor of Regularity in Issuing Execution for Costs. It cannot be assumed, on appeal from order denying motion to quash execution for costs, that the clerk acted wrongfully in issuing the execution; nothing showing at whose instance it was issued.

4. **COSTS:** Original Cost Bond not Released by Mere Giving of New Bond. Plaintiff's original cost bond is not released by giving a new bond therefor on motion of defendants; no order releasing the original sureties from further liability being made when the second bond was taken.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Oscar B. Elam* for appellant.

(1) In 1 Freeman on Executions, sec. 73a, under "Classification of Grounds for Vacating an Execution," it states as one ground: "When no writ could properly issue at the time of the issuance of the writ in question . . ." "Writs issued on valid judgments but at a time when the right to execution had not accrued . . ." (2) The judgment is not final for the purpose of collecting the costs under execution until after the motion for new trial is overruled. Danielson v. Northwestern Fuel Co., 55 Fed. 49. (3) The overruling of a motion to quash an execution is a final judgment from which an appeal may be taken. City of Versailles v. Russ, 208 S. W. 454, 455, WALKER, J. (4) "If the statute requires regular terms to be held for the trial of causes, the court, in the intervals between those terms, is, for the purpose of conducting trials, in the same condition as though its authority over the case were entirely withdrawn. It is no longer a court. Judicial powers cannot be conferred upon it by consent of the parties; and any judgment rendered upon a trial had in pursuance of such consent is void." John D. Works Courts and Their Jurisdiction page 84, sec. 19,

citing Freeman's Judgments, sec. 121. (5) A clerk made an entry by order of the judge of the court. The order was made on the next day after court adjourned the term to court in course. The entry was held to be void. Austin v. Rodman, 8 N. C. 71.

*Alfred Page* and *G. A. Watson* for respondents.

BRADLEY, J.—This is an appeal from an order overruling a motion to quash on execution for costs. It appears that in 1910 plaintiff commenced an action against defendants, a part of the history of which may be found in Tiede v. Fuhr et al., 264 Mo. 622, 175 S. W. 910. When the suit was filed E. L. Kraft and B. S. Hill executed a cost bond obligating themselves to pay all costs that might accrue in said cause. At the January term, 1918, defendants filed motion to require plaintiff to give new bond for costs. This motion was sustained, and at same term plaintiff filed a bond signed by Aug. Kloss and Martin Tiede obligating themselves "to pay all costs that may accrue hereafter in the above entitled cause." The cause was tried to a jury at the September term, 1918, and resulted in a verdict for defendants, and judgment was rendered thereon against plaintiff, Kraft and Hill for costs. In due time plaintiff filed her motion for a new trial. The verdict for defendants and the judgment for costs were on December 4, 1918, and the motion for new trial was filed on the 6th. On December 14th the last day of the September term the motion for a new trial was argued and at the conclusion of the argument the court announced that the motion would be overruled. Plaintiff's counsel thereupon stated that he would like to have further time to present additional authorities. It was then agreed by the court and counsel for both sides that plaintiff's counsel might present his authorities on the following Saturday, which was one week later, and that the court would at that time enter the ruling on the motion and all necessary entries for an appeal, should the mo-

tion be overruled, as of December 14th. With this un-
derstanding court adjourned until court in course. On
the day set to present authorities plaintiff's counsel
failed to appear, and the court thinking that counsel
might not be able to appear at that time deferred the
ruling on the motion until the following Tuesday. In
the meantime the Judge of the court saw plaintiff's
counsel, and advised him what had been done, and coun-
sel promised to be present, and stated that should he
not be present, the motion might be ruled on, and should
it be overruled, all the necessary entries for an appeal
made as of December 14th. Counsel again failed to ap-
pear, and the motion for a new trial was overruled, and
the necessary record entries made showing an appeal
to the Supreme Court, but said entries while actually
made on December 24th appeared under date of De-
cember 14th. November 17, 1919, the Supreme Court
affirmed the judgment for failure of plaintiff to file
certified copy of judgment and order granting the ap-
peal or transcript of the record and proceedings. This
appears from a certified copy of the mandate in the re-
spondent's additional abstract. As we understand, plain-
tiff ignored the proceedings in the trial court on De-
cember the 24th. It is stated by respondents that "after
the proceedings relating to motion for new trial, and
after an ineffectual effort to obtain a writ of prohibi-
tion from the Supreme Court was made by plaintiff, the
execution for costs was issued." The execution was is-
sued on June 13, 1919, but it does not appear who caused
the execution to issue. At the March term, 1919, plain-
tiff appeared and filed a motion asking that her cause
be docketed, and to cancel and annul all the record en-
tries pertaining to her cause made on December 24th
as of December 14th, and to proceed with her cause as
though no such proceedings were had. In this motion
plaintiff admits the agreement, etc., by her attorney,
and says that the enforcement of such agreement would
deprive her of her statutory rights to have her motion
for new trial ruled on in term time, and to have the op-

portunity to file her affidavit for an appeal in term time. It is further stated in the motion that the agreement was not authorized by her and had not been ratified by her, and that her attorney had no authority to make such an agreement, and that she has had no opportunity to have her motion for new trial ruled on or to take any steps to perfect her appeal in term time. The court on the hearing of the motion to docket found "the facts as stated in plaintiff's motion are substantially true," and then follows in detail the finding of the facts. The motion to docket was overruled, and plaintiff preserved and filed a term bill of exceptions.

Under the execution for costs the sheriff levied upon certain lands belonging to Kraft, one of the sureties on plaintiff's original cost bond, and the motion to quash followed. On the hearing of the motion to quash plaintiff introduced in evidence her term bill of exceptions on the motion to docket.

The *record* shows that plaintiff's appeal to the Supreme Court was in all things regular, and she attempts by the proceedings here to impeach that record. On the hearing of her motion to have her cause docketed and to cancel all the orders appearing under date of December 14th pertaining to the overruling of the motion for new trial and the appeal, the court found the facts from his recollection of what occurred. This in effect is not different to proving such facts by oral evidence. The record imports absolute verity and cannot be impeached in this manner. Lloyd v. Grady, 180 S. W. (Mo. App.) 1032, was an appeal from an order overruling a motion for a new trial because the motion was filed too late. It was held that evidence that the record was erroneous, and that in fact the motion was filed in time could not be considered, because the record was conclusive. In Seward v. Medley et al., 81 Mo. App. 439, it appeared from the record that judgment was rendered against defendants and that they appealed; and that appellants took no further steps toward perfecting the appeal. Respondents moved for affirmance

for failure to prosecute the appeal. In opposition to this motion appellant's attorney filed an affidavit stating that no appeal had been taken or granted. It was held that the record could not be impeached in that manner. In State ex rel. v. Berger, 92 Mo. App. 631, it appears that in appellant's abstract of the record was an affidavit tending to prove that in fact no judgment was entered; that one of the attorneys for the plaintiff wrote up a memorandum of a judgment and gave it to the clerk who entered it without it having been seen or approved by the judge of the court. It was held that the court was bound by the record. [See, also, Title Guaranty & Surety Co. v. Drennon et al., 208 S. W. (Mo. App.) 474.] In State v. Eaton, 191 Mo. 151, 89 S. W. 949, the court declined to depart from what was shown by the record although a life was in jeopardy. That the record imports absolute verity is the rule in all jurisdictions. If the rule were otherwise then all security, confidence and stability of court records would be gone. [23 R. C. L. 159.] We hold, therefore, that the record cannot be impeached by plaintiff in the manner attempted here.

Plaintiff contends that in any event the clerk could not lawfully issue an execution for costs, that he could only issue a fee bill. That is the rule where an execution is issued at the instance of some one other than the party in whose favor the judgment is rendered. [Hoover v. Railway, 115 Mo. 77, 21 S. W. 1076; State v. Lemcke, 117 Mo. App. 486, 94 S. W. 734; Beedle v. Meade, 81 Mo. 297; Farris v. Smithpeter, 180 Mo. App. 466, 166 S. W. 655.] As we have stated there is nothing here to show at whose instance the execution for costs was issued, and we cannot assume that the clerk acted wrongfully in issuing the execution. Plaintiff contends that the execution should not have gone against the sureties on the original cost bond to the exclusion of the sureties on the bond of 1918. When the second bond was taken there was no order releasing the original sureties from further liability. Manifestly we cannot

go into the question of contribution between sureties. We have carefully examined all the points made by plaintiff, and we find no errors. The judgment below overruling the motion to quash should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.