## MASSACHUSETTS BONDING & INS. CO. v. CLYMER MFG. CO. et al.

### No. 359.

Circuit Court of Appeals, Tenth Circuit.

March 17, 1931.

Carle Whitehead, of Denver, Colo. (Wm. E. Hutton, Julian P. Nordlund, and Albert L. Vogl, all of Denver, Colo., on the brief), for appellant.

Kenaz Huffman, of Denver, Colo. (Frank E. Gove, of Denver, Colo., and Ira J. Wilson, of Chicago, Ill., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellees brought suit against the Shot-Lite Corporation of America for infringement of a patent. On January 20, 1928, an interlocutory decree was entered therein adjudging the patent valid and the Shot-Lite Corporation guilty of infringement. On April 2, 1928, the Shot-Lite Corporation appealed from this decree. On April 28, 1928, it gave an appeal bond, with appellant as surety, in the sum of $750.00, conditioned as follows:

"Now, the condition of the above obligation is such, that if the said The Shot-Lite Corporation of America shall prosecute said appeal to effect, and answer all damages and costs, if it fail to make good its plea, then the above obligation to be void, else to remain in full force and virtue."

Thereafter, the Shot-Lite Corporation dismissed such appeal and paid all the appellate court costs.

On April 30, 1930, appellees filed a motion in the patent infringement suit for judgment for the full amount of the bond, alleging that the costs taxed in the lower court were in excess of such amount and were unpaid. The district court gave judgment for the full amount of the bond. This is an appeal therefrom.

Section 869, title 28, USCA, provides:

"Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the Government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

It will be noted that the condition of the bond complies with the statutory requirement for a supersedeas bond, rather than a cost bond.

Section 227a, title 28, USCA (44 Stat. 1261), reads as follows:

"When in any suit in equity for the infringement of letters patent for inventions, a decree is rendered which is final except for the ordering of an accounting, an appeal may be taken from such decree to the circuit court of appeals: Provided, That such appeal be taken within thirty days from the entry of such decree or from February 28, 1927; and the proceedings upon the accounting in the court below shall not be stayed unless so ordered by that court during the pendency of such appeal."

■ Upon appeal to the Circuit Court of Appeals from an interlocutory decree granting or continuing an injunction, the appellant is not entitled to a supersedeas as a matter of right, and it is within the discretion of the Circuit Court to grant or refuse it. In re Haberman Mfg. Co., 147 U. S. 525, 13 S. Ct. 527, 37 L. Ed. 266; Virginian Ry. Co. v. United States, 272 U. S. 658, 672, 47 S. Ct. 222, 71 L. Ed. 463; Lalance &

Grosjean Mfg. Co. v. Habermann Mfg. Co. (C. C.) 54 F. 375; Timolat v. Philadelphia Pneumatic Tool Co. (C. C.) 130 F. 903. Furthermore, the bond was given more than sixty days after the interlocutory decree was entered and it could not have operated as a supersedeas without an order of the court to that effect. No such order was made. Section 874, title 28, USCA. In their brief, counsel for appellees say that "it may be admitted that the bond is not a supersedeas bond but a plain cost bond on appeal." We will, therefore, consider it as a cost bond and not as a supersedeas bond.

In Fidelity & Deposit Co. v. Expanded Metal Co. (C. C. A. 3) 183 F. 568, the court held that the phrase "all costs" in a cost bond on appeal included both trial and appellate court costs. Such conclusion is predicated upon the proposition that, since the phrase "all costs" in the condition provided for a supersedeas bond includes both trial and appellate court costs, the same words in the condition provided for a cost bond should be given the same meaning. This decision has been followed in Oehring v. Fox Typewriter Co. (C. C. A. 2) 266 F. 682, 12 A. L. R. 718; American Surety Co. v. United States (C. C. A. 5) 239 F. 680; Pacific Coast Casualty Co. v. Harvey (C. C. A. 9) 250 F. 952.

■ This, however, is contrary to the practice in this circuit. The amount of the cost bond is seldom fixed high enough to cover the costs in both the trial and the appellate courts. This is well illustrated by the instant case, where the amount of the bond was $750.00 and the trial court costs were $2,493.61. A judgment or decree in the trial court includes the costs in that court. Such costs are merged in the judgment. They are collectible under the word "damages" in the supersedeas bond, which covers the entire money judgment, of which the costs are a part. Cranor v. School Dist., 81 Mo. App. 152, 154; Id., 151 Mo. 119, 52 S. W. 232; Schroeder v. Boyce, 127 Mich. 33, 86 N. W. 387, 388. Therefore, in order to construe a supersedeas bond as covering the costs in both the trial and the appellate courts, it is not necessary to construe the phrase "all costs" as covering trial court costs because, as stated, such costs are covered by the word "damages."

■ It is our conclusion that the phrase "all costs," in both supersedeas and cost bonds, includes only the costs in the appellate court. To hold otherwise would require the appellant, who elects to give a cost bond and not to supersede the judgment or decree, to give

security for the trial court costs the same as in a supersedeas bond, and to remain subject to execution pending appeal for the enforcement of such judgment as to costs. We do not think Congress intended to so penalize the right of appeal.

It is our conclusion that the bond in the instant case covered only the costs in the appellate court.

The cause is reversed and remanded with instructions to enter judgment for appellant.